UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth WHITE, Defendant–Appellant.

No. 90–5873.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 12, 1991.

Decided May 13, 1991.

Louis DeFalaise, U.S. Atty., Michael Murphy, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Lexington, Ky., for plaintiff-appellee.

Jerry Anderson (argued), Lexington, Ky., for defendant-appellant.

Before KENNEDY and JONES, Circuit Judges, and CHURCHILL,* Senior District Judge.

PER CURIAM.

Defendant-appellant Kenneth White's federal grand jury indictment charged him with a violation of 21 U.S.C. § 841(a)(1), which states that "it shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance[.]" A jury returned a guilty verdict on October

---

* The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan.

31, 1989. On appeal, we conclude that the sufficiency of the evidence did not support the jury's verdict, and therefore reverse.

The facts in this case are not complicated. On August 22, 1989, Officer Tim Kilburn of the Kentucky State Police responded to an anonymous report that marijuana was growing behind White's residence in rural Perry County, Kentucky. White lived in a house trailer with a separate bedroom connected to the trailer by a ten-foot hallway. White owned the property on which his trailer was situated. Kilborn observed a patch of marijuana growing behind the trailer. The patch, fifteen feet wide and thirty feet long, was located three feet from the trailer. The cultivated patch contained eighty plants tied together with support wires. The parties stipulated that fertilizer was found in the soil around the plants. The real estate on which the plants were found was owned not by White, but by a cousin of his neighbor. At the time of the seizure of the plants, permission was given to search the trailer. No marijuana or marijuana seeds were found. Two days later Kilburn returned with a search warrant and seized several plastic buckets and some fertilizer found in the trailer. The fertilizer in the trailer and the fertilizer in the marijuana patch were never compared, although the soil in the patch was analyzed to establish that the marijuana plants had been fertilized. At the time of the arrest, White, who is partially disabled with a bad back and arm, lived in the trailer with his wife, mother-in-law, and brother-in-law. There were two residences on each side of the trailer within 100 feet.

■ The standard applied to determine the sufficiency of the evidence is "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). In reviewing the sufficiency of the evidence, we are obliged to assess the evidence in the light most favorable to the government. *United States v. Zackert*, 783 F.2d 677, 678 (6th Cir.1986) (per curiam).

The district court instructed the jury that White should be found guilty if the evidence showed beyond a reasonable doubt that he "manufactured or possessed with intent to distribute a quantity of marijuana ... [and] acted knowingly or intentionally."

■ To establish constructive possession, the evidence must indicate "ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." *United States v. Gordon*, 700 F.2d 215, 217 (5th Cir.1983) (citations omitted). Physical proximity to drugs, or mere presence in an area where drugs are found, is not sufficient. *Id.*

In *Gordon, supra,* police officers discovered sixty pounds of marijuana in a truck. A passenger in the truck was convicted of possession with intent to distribute the marijuana. The Fifth Circuit reversed the conviction because there was no evidence, other than the passenger's "mere presence", to indicate that the passenger controlled the drugs or intended to participate in distribution. 700 F.2d at 217.

■ Similarly, in the instant case, the only evidence linking White to the marijuana was the fact that he lived three feet from the patch. The actual cultivator of the field was unknown. Moreover, although fertilizer and buckets were found in White's trailer, the fertilizer in White's trailer and the fertilizer in the patch were never compared. Testimony from several witnesses indicated that the buckets were used to catch rain which dripped through a leaky roof, and other testimony indicated that White's wife used the fertilizer to plant shrubs and trees around the trailer. Photographs showed water damage in the room with the buckets, as well as recently planted shrubs around the trailer. Several neighbors testified that they had never seen White in or near the marijuana patch. As to White's physical infirmities, his

daughter's boyfriend, who lived with White for two years, testified that "[h]is whole back is messed up.... he might wash a dish or two, but as far as that goes, he don't go outside much. And when he goes out, I usually have to drive him, because he has to reach and might hurt his back."

The only evidence even remotely suggesting an intent to distribute was White's admission that he was aware of the marijuana patch growing behind his house. However, this court has stated that intent, as opposed to mere knowledge, is crucial to proof of a section 841(a)(1) offense:

> The "intent to distribute" is an essential element of § 841(a)(1).... 21 U.S.C. § 841(a)(1) requires both general criminal intent and the specific "intent to distribute" before a violation is proven.... [Section 841(a)(1)] "is violated only if possession is accompanied both by knowledge of the nature of the act and also by the intent 'to manufacture, distribute, or dispense.'"

*United States v. Pope*, 561 F.2d 663, 670 (6th Cir.1977) (citations omitted).

In this case, the paucity of the government's case with respect to the intent element convinces us that no rational trier of fact could have convicted White based on the evidence presented. The evidence demonstrates only knowledge, not intent. We recognize that "[i]ntent to distribute a controlled substance has been inferred solely from possession of a large quantity of the substance." *United States v. Franklin*, 728 F.2d 994, 998 (8th Cir.1984) (citations omitted). However, in this case, we have concluded that the government has failed to establish possession. The patch was not on property owned by White, there was no testimony that White was ever seen in the patch, and there was no path between the trailer and the patch. Indeed, some overgrowth was evident between the trailer and the patch. The two types of fertilizer were not matched up. Furthermore, although the trailer was searched immediately after the initial raid, no scales, seeds, or any drug paraphernalia was found. White's

disability and apparent immobility also do not indicate the physical capacity to care for a twenty feet by thirty feet marijuana patch. Thus, we conclude that the evidence was not sufficient to support the conviction.

■ The government argues that the inferences which can be drawn from the circumstantial evidence establish the essential elements of the crime. Of course, circumstantial evidence may support a guilty verdict, even if the circumstantial evidence is inconclusive. *United States v. Stone*, 748 F.2d 361, 362–63 (6th Cir.1984) ("[C]ircumstantial evidence alone can sustain a guilty verdict and ... to do so, circumstantial evidence need *not* remove every reasonable hypothesis except that of guilt.").

This is not a case, however, in which circumstantial evidence exists which would permit us to affirm the jury verdict. A verdict rendered by a properly-instructed jury is deserving of considerable deference on appeal; thus, our sufficiency-of-the-evidence standard of review usually results in affirmance in broad challenges to the totality of evidence used to support a criminal conviction. However, a line must be drawn between valid circumstantial evidence, and evidence which requires a leap of faith in order to support a conviction. In this case, there is simply no evidence which supports an inference of possession or intent to manufacture or distribute marijuana. Thus, we find that no rational trier of fact could have concluded that White possessed marijuana with intent to distribute. White's conviction is REVERSED.