972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ezekiel O. WARREN, Defendant-Appellant.
 No. 91-6304.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1992.
 
 Before KEITH and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Defendant Ezekiel Warren appeals from his jury conviction on one count of possessing with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). He raises one issue on appeal:
 
 
 2
 Whether there was sufficient evidence to prove the intent element of the offense charging him with possession of cocaine base with the intent to distribute.
 
 
 3
 We conclude that sufficient evidence proved Warren possessed the requisite intent to distribute.
 
 I.
 
 4
 In January 1991, a federal grand jury indicted Warren for possession of cocaine base with intent to distribute. Warren pleaded not guilty. The first trial ended in a mistrial, and a retrial was held in June 1991. The jury found Warren guilty, and the district court sentenced Warren to 150 months imprisonment and five years supervised release. Warren timely appeals his conviction.
 
 II.
 
 5
 When considering whether sufficient evidence supports the jury's verdict, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Pearce, 912 F.2d 159, 161 (6th Cir.1990), cert. denied, 111 S.Ct. 978 (1991) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original).
 
 
 6
 Warren argues that the government presented no direct proof that he intended to distribute the cocaine base, and that the circumstantial evidence presented was insufficient to permit an inference that he had intended to do so.
 
 
 7
 The jury convicted Warren of violating 21 U.S.C. § 841(a)(1), which provides:
 
 
 8
 [I]t shall be unlawful for any person knowingly or intentionally--
 
 
 9
 (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....
 
 
 10
 Under section 841(a)(1), the government must prove a specific intent to distribute. United States v. White, 932 F.2d 588, 590 (6th Cir.1991). In this case, the government did not present any direct evidence that Warren intended to sell the cocaine base but instead based its proof of this element of the offense on circumstantial evidence. This court has held that circumstantial evidence can support the finding of a defendant's intent to distribute under section 841(a)(1). United States v. Clark, 928 F.2d 733, 737 (6th Cir.), cert. denied, 112 S.Ct. 144, 240 (1991).
 
 
 11
 We are obligated to view the evidence against Warren and all the inferences that could be drawn from it in the light most favorable to the government. Id. We have carefully examined the record and conclude that the evidence of intent to distribute, while circumstantial, amply supports the jury's verdict. The record reveals three pieces of evidence to support the inference that Warren possessed the intent to distribute the cocaine. The first is the amount of cocaine base involved, with respect both to its quantity, 10.6 grams, and its street value, approximately $1300. The second is the form in which the cocaine base was found--small pieces or rocks, as opposed to powder. Testimony revealed that cocaine base is generally sold by rock, and thus the cocaine base Warren possessed was in a saleable quantity.[1]
 
 
 12
 The third, and perhaps most damning, piece of evidence against Warren is his sale of a rock of cocaine base to an undercover Memphis police officer 13 months prior to his arrest in this case. Warren does not contest the admissibility of this evidence, but contends that it possesses minimal probative value.[2] We disagree, and find that evidence of Warren's prior sale demonstrated that his motive for, and intent behind, possession of the cocaine base was to sell it.
 
 III.
 
 13
 We conclude that the amount and value of cocaine base Warren possessed, the form in which the cocaine base was found, and Warren's history of selling cocaine base, when considered together, constituted sufficient evidence to allow the jury to infer that he possessed the intent to distribute the cocaine base.
 
 
 14
 The district court's judgment is AFFIRMED.
 
 
 
 [1]
 This factor did not exist in United States v. Franklin, 728 F.2d 994 (8th Cir.1984), a case relied upon by Warren. Franklin reversed a section 841(a)(1) conviction for insufficient evidence of intent to distribute, but noted that "the cocaine was not packaged in a manner consistent with distribution." Id. at 1000
 
 
 [2]
 Warren relies on United States v. Zelinka, 862 F.2d 92 (6th Cir.1988), where this court held that evidence of a later instance of cocaine possession was not admissible to prove a prior conspiracy. Zelinka, however, specifically approved the admissibility of testimony describing otherwise unrelated drug selling activity of a defendant when that testimony is admitted for the proper purpose
 If the government had shown that the evidence showed motive, by proving that [defendant] was a distributor and not a mere user, and if that motive had been in issue, the government could have brought the evidence explicitly within the Federal Rule of Evidence 404(b) exception....
 Zelinka, 862 F.2d at 99.
 In this case, Memphis Police Sergeant Otis Anderson's testimony about Warren's prior sale of cocaine base was both admissible and probative. In presenting his defense, Warren testified that the reason for his possession of the cocaine base was personal use. Officer Anderson's testimony rebutted this contention by demonstrating a different reason for Warren's possession of cocaine base.