UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald Harvey HOWELL,
Defendant–Appellant.

No. 93–3493.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1994.

Decided Aug. 10, 1994.

Curtis L. Blood, Collinsville, IL, argued,
for appellant.

Michael Price, Asst. U.S. Atty., Cape Girardeau, MO, argued, for appellee.

Before LOKEN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.

PER CURIAM.

Ronald Harvey Howell appeals his conviction for growing marijuana with intent to distribute and for maintaining a place for the purpose of growing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 856(a)(1). Howell argues that the evidence was insufficient to convict him of either charge and therefore the district court[1] erred in denying his post-trial motion for judgment of acquittal. We affirm.

***The government's trial evidence.*** In 1988, Howell pleaded guilty in state court to growing a small amount of marijuana and was placed on probation for five years. In the summer of 1991, drug enforcement agents in Arkansas and southeastern Missouri were told that Howell was growing marijuana near the Howell family farm operations but were unable to find any marijuana. In September, acting on a citizen's anonymous but precise tip, agents found 67 marijuana plants growing in a field of soybeans on property owned by Howell's grandmother and leased to his father.

Howell and his father admitted that Howell had cultivated and sprayed the field with herbicide in late June, and that no one had tended it since then. The government's experts testified that the marijuana plants were started in small pots and transplanted to the field before it was sprayed and cultivated. Based on the pattern of weed growth in the field, a government witness opined that the person who applied the herbicide had avoided those areas where the marijuana was growing. The Howells admitted using a combination of herbicides that would have killed or injured the marijuana plants on contact.

1. The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.

After pulling up the marijuana plants, the agents searched Howell's house with his consent. In the attic, they discovered a grow light, other equipment suitable for starting plants indoors, and traces of potting soil on the floor, but no marijuana seeds or plants. Two days later, a helicopter search of the area uncovered twenty-five additional marijuana plants growing in a soybean field on Howell's father's property. Howell did not recall whether he had sprayed and cultivated that field as well.

***The defense evidence.*** Howell testified in his own defense and denied any knowledge of the growing marijuana. Howell and his wife testified that she had used the grow equipment in the attic to start house and garden plants and denied that either of them had grown marijuana in the attic or elsewhere. Other members of Howell's family denied knowledge that marijuana was growing amidst the soybeans in the two fields. Numerous defense witnesses testified to Howell's good character and explained that the fields were accessible to others and frequented by trespassing hunters. They alluded to a neighbor family that had pleaded guilty to growing marijuana in 1988. However, no one had seen anyone in the fields that summer, and the neighbors' son denied knowledge of the marijuana plants at issue and testified that Howell had previously sold him marijuana.

We conclude that the evidence at trial was sufficient to permit a reasonable jury to find Howell guilty beyond a reasonable doubt of both growing marijuana and maintaining a place for the growing of marijuana. The critical issue was whether Howell had constructive possession and control of the marijuana growing in a soybean field on his grandmother's property. Howell had sprayed and cultivated the field. Thus, the evidence that the person who applied the herbicide protected the transplanted marijuana plants was strong circumstantial proof linking Howell to the growing marijuana, evidence that distinguishes this case from the cases Howell cites, *Gilley v. Collins,* 968 F.2d 465 (5th Cir.1992), and *United States v. White,* 932 F.2d 588 (6th Cir.1991). The evidence linking Howell to the marijuana in the field, when added to the evidence that the plants had been started in another location and the indoor grow equipment found in Howell's attic, were in turn sufficient circumstantial evidence to support the § 856 conviction. It was not a particularly strong government case, but applying the familiar standard for review of a jury verdict of conviction, *see, e.g., United States v. Garrett,* 961 F.2d 743, 747 (8th Cir.1992), we cannot say that it was insufficient as a matter of law.

The judgment of the district court is affirmed.