NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0622n.06
Filed: July 26, 2005

No. 04-6227

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BOBBY BONEE, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant | ) | |

Before: ROGERS and SUTTON, Circuit Judges; ROSEN, District Judge.[*]

**ROGERS, Circuit Judge.** The defendant-appellant, Bobby Bonee, appeals his conviction on charges of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Specifically, Bonee argues that the government failed to prove that Bonee possessed, either actually or constructively, the firearms which formed the basis of the charge of felon in possession of a firearm. For the following reasons, we affirm.

## I. Background

_____

[*]The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

On November 27, 2003, deputies from the Henderson County Sheriff's Department went to Bonee's house as part of an ongoing investigation. While deputies were talking with Bonee outside of his home, it began to rain heavily. At the deputies' request, Bonee allowed the deputies to enter his trailer and, after being advised of his *Miranda* rights, gave the officers permission to search the trailer. The search of the trailer led to the discovery of seven firearms located in Bonee's bedroom in an unlocked gun cabinet. In particular, the search revealed a Remington Model 700, a .270-caliber Winchester, a Winchester Model 370 12-gauge shotgun, a Winchester single-shot Model 370 16-gauge shotgun, a Winchester Model 1300 12-gauge shotgun, a .17-caliber Marlin rifle, and a Remington Speed Master Model 552 .22-caliber rifle.

After the discovery of the firearms, Bonee was transported to the Henderson County Sheriff's Department. After again being advised of his *Miranda* rights, Bonee gave a statement to Investigators Tolley and Stanford. At the defendant's request, Tolley wrote the defendant's statement "word-for-word." Tolley testified that, after every sentence, he and Bonee went back through the statement for accuracy. After Bonee was finished with the statement, Tolley read it back to Bonee, and then let Bonee read and review the statement for accuracy. Finally, Bonee signed the statement to indicate that the information was truthful.

In the statement to investigators, Bonee admitted ownership of some of the weapons. Specifically, Bonee stated: (1) that he bought the .270 from a Gene Moore, who lived in Scott's Hill, Tennessee, about two years prior; (2) that he traded for the .22-caliber about eleven years ago; (3) that he bought one of the 12-gauge shotguns from a Jeremy Marshbanks last summer; (4) that he

received the other 12-gauge shotgun as a Christmas gift when he was 15; (5) that he traded with his brother for the 16-gauge in 1988; and (6) that he traded with a boy in Crump, Tennessee for a 20-gauge firearm.

Despite Bonee's statement to the contrary, the defense presented several witnesses who testified that the guns did not belong to Bonee, but instead belonged to Bonee's wife, Tammy Barrett. These witnesses testified as to how Barrett received the weapons and for what purposes Barrett used the weapons.

At the end of prosecution's case, and again at the end of the defense's case, the defendant moved for a motion for judgment of acquittal. The court denied both of the defendant's motions and sent the case to the jury. The jury returned a verdict of guilty and, on September 27, 2004, the district court entered a judgment sentencing the defendant to 51 months' incarceration, to be followed by two years of supervised release. Bonee appeals his conviction, arguing that the government failed to prove that Bonee possessed the firearms in question. Because there was sufficient evidence to support the jury's verdict, we affirm.

## II. Analysis

When a conviction is attacked for insufficiency of the evidence, an appellate court must determine whether, taking the evidence in the light most favorable to the prosecution, any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt. *United States v. Barnett*, 398 F.3d 516, 521-22 (6th Cir. 2005).

In this case, Bonee was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g). The essential elements of a § 922(g) violation are as follows: (1) the defendant had a previous felony conviction; (2) the defendant possessed a firearm; and (3) the firearm had traveled in or affected interstate commerce. *See United States v. Walker*, 160 F.3d 1078, 1087 (6th Cir. 1998). The term "possession," as it is used in § 922(g), includes actual possession and constructive possession. *United States v. DeJohn*, 368 F.3d 533, 545 (6th Cir. 2004). "'Both actual and constructive possession may be proved by circumstantial evidence.'" *Id.* (quoting *United States v. Schreane*, 331 F.3d 548, 560 (6th Cir. 2003)). In this case, Bonee argues that there was insufficient evidence to establish the second element of the offense—that he possessed, either actually or constructively, the guns found in his bedroom. Bonee's argument lacks merit.

When viewed in the light most favorable to the government, the evidence against Bonee is sufficient to allow a reasonable juror to infer that Bonee possessed the firearms in question. The guns at issue were found in an unlocked gun cabinet in Bonee's bedroom. While mere proximity to contraband may not be sufficient to indicate ownership, *see United States v. White*, 932 F.2d 588, 589-90 (6th Cir. 1991), in this case, more than physical proximity tied Bonee to the firearm—Bonee admitted to the police that he owned several of the guns in question. While Bonee now attempts to downplay the significance of his confession by arguing that, because the confession was not actually written by the defendant, it was "not credible," this court has previously upheld the admission of a confession taken in similar circumstances. *See United States v. Soto*, No. 03-2295, 2005 WL 548786 (6th Cir. March 7, 2005) (affirming the admittance of defendant's statement where officers read the

defendant questions and then recorded the defendant's answer in writing). Moreover, Bonee had the opportunity to read and review the statement as recorded by the investigators, and Bonee signed the statement indicating that it accurately reflected what Bonee had told investigators. Under such circumstances, the jury was entitled to rely on Bonee's statement that he owned several of the guns and to discount the testimony of defense witnesses who stated that the guns did not belong to Bonee, but instead belonged to Bonee's wife, Tammy Barrett.

Quite simply, Bonee's admission that he owned several of the guns in question, coupled with the location of the guns in Bonee's bedroom, was sufficient evidence from which a jury could infer that Bonee possessed the guns in question. *See United States v. Gardner*, No. 90-2182, 1991 WL 53297 (6th Cir. April 11, 1991) (holding that defendant's residency in an apartment where firearms were located, coupled with the defendant's admission that he owned the firearms, was sufficient evidence to sustain his conviction for being a felon in possession of a firearm). Bonee's conviction is accordingly affirmed.

**IV. Conclusion**

Because there was sufficient evidence to support the jury's verdict in this case, Bonee's conviction is affirmed.