CLAY, Circuit Judge,
concurring in part and dissenting in part.
The government was unable to find any drugs on Defendant’s person, in Defendant’s car or in Defendant’s motel room. Thus, the government charged Defendant with constructive possession of the drugs the government found in Almonte’s car, despite the fact that Defendant was never seen in or near Almonte’s car and Defendant remained at the motel while Almonte left to deliver the drugs in his car. Consequently, I believe that the government failed to present sufficient evidence that Defendant possessed the drugs in question, and I respectfully dissent from Part B.ii. of the majority’s opinion.
As the majority correctly notes, to prove that Defendant possessed the drugs in Almonte’s car, the government must establish that Defendant constructively possessed the drugs in Almonte’s car, in as much as the government failed to seek a jury instruction on aiding and abetting; nor did the government pursue a theory of possession under Pinkerton v. United States, 328 U.S. 640, 646, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). “Constructive possession exists when a person ... knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.” United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.1973), overruled on other grounds, United States v. Singleton, 902 F.2d 471 (6th Cir.1990) (citation omitted). Constructive possession may be proved by circumstantial evidence; however, “[this Court has] long maintained that ‘mere presence on the scene plus association with illegal possessors is not enough’ to establish constructive possession.” United States v. Cochran, 14 F.3d 1128, 1133 (6th Cir.1994) (quoting United States v. Birmley, 529 F.2d 103, 107 (6th Cir.1976)). Additionally, physical proximity is only relevant to the extent that a defendant’s proximity enables the defendant to access the contraband in question. See United States v. Hardin, 248 F.3d 489, 498 (6th Cir.2001) (proximity relevant because Defendant was able to reach the gun in question); see also United States v. Arnold, 434 F.3d 396, 401-07 (6th Cir.2005) (per curiam) (holding that proximity insufficient to establish possession where gun found under the passenger seat of car and the defendant was in the passenger seat).
There is no evidence in the instant case that Defendant had the “power ... to exercise dominion or control” over the drugs in Almonte’s car, and thus the evidence is not sufficient to uphold his conviction for possession. See United States v. White, 932 F.2d 588, 589 (6th Cir.1991); Craven, 478 F.2d at 1333. Defendant was never seen in or near Almonte’s car. Additionally, Defendant remained at the motel when Almonte and the others left to deliver the'drugs in Almonte’s car. The only evidence linking Defendant to the drugs in Almonte’s car is Defendant’s proximity to the car — he was standing 10 to 20 feet away from the car in a doorway — and his relationship with Almonte, a co-conspirator. Defendant’s proximity to the car is insufficient to enable him to access the drugs personally, and his relationship with Almonte does not establish a fortiori that Defendant has sufficient con *401 trol over Almonte to access drugs in Almonte’s car. For these reasons, the evidence is insufficient for any rational trier of fact to conclude that Defendant exercised sufficient dominion or control to constructively possess the cocaine seized from Almonte’s car.
Similarly, Defendant’s purported control over drug money, recounted at trial by a convicted dealer who received a significant sentence reduction for his testimony, and who originally stated that he did not know Defendant, despite being able to identify the other defendants involved in the conspiracy, fails to support the proposition that Defendant controlled the drugs in Almonte’s car. The prosecution charged Defendant with possessing the drugs in Almonte’s car, and thus the government was required to prove that Defendant had the ability to exercise dominion or control over those particular drugs. Evidence that Defendant counted drug money no doubt evidences that Defendant has possessed or controlled some drugs at some point in the past, but does not prove that he had control over the particular drugs in Almonte’s car.
The majority errs in assuming that because the evidence may support a conspiracy conviction that the evidence would also support a conviction for constructive possession. Maj. Op. Part B.ii. (focusing on evidence supporting Defendant’s knowledge of conspiracy and distinguishing cases finding insufficient evidence because those cases did not contain evidence of conspiracy). Conspiracy and possession are separate crimes with different elements, see Pinkerton, 328 U.S. 640, 643, 66 S.Ct. 1180, (1946), and unless the prosecution proceeds under a Pinkerton theory, the prosecution must produce evidence sufficient to establish each element of possession even where the prosecution proves conspiracy. United States v. Polk, 56 F.3d 613, 619 n. 4 (5th Cir.1995); United States v. Corley, 824 F.2d 931, 937 n. 10 (11th Cir.1987). Conspiracy requires proof of: (1) an agreement to violate the law; (2) intent to join the conspiracy; and (3) an act in furtherance of the conspiracy. United States v. Welch, 97 F.3d 142, 148 (6th Cir.1996). Possession, in contrast, requires proof of dominion or control over the contraband in question. White, 932 F.2d at 589; Craven, 478 F.2d at 1333. Here, there is absolutely no proof that Defendant had dominion or control over the drugs in question or the car in which they were found. Contrary to the majority’s opinion, no rational juror would conclude that Defendant possessed the drugs, constructively or otherwise, simply because Defendant was seen standing in a doorway adjacent to the parking lot from which Almonte drove away with the drugs in question. Thus, despite proof that Defendant may have had knowledge of and participated in a conspiracy, there is no proof that Defendant possessed the drugs in Almonte’s car.
The majority stretches the theory of constructive possession beyond reasonable limits to in an attempt to compensate for the prosecution’s failure to request Pinkerton instructions. In the absence of the trial court giving the jury Pinkerton instructions, this Court cannot assume that the jury found the facts necessary to sustain a conviction under Pinkerton, in particular that: (1) Almonte possessed the particular drugs in his car in furtherance of the conspiracy of which Defendant was convicted; and (2) that at the time of the raid, Defendant was still a member of the conspiracy. See Pinkerton, 328 U.S. at 645, 66 S.Ct. 1180; see also United States v. Martin, 920 F.2d 345, 348-49 (6th Cir.1990). Regardless of whether the record on a appeal would support such findings if the jury had made them, it is wholly improper for this Court on appeal to make *402 findings of fact for the jury. See U.S. Const, amend. VI.
For the foregoing reasons, I would REVERSE the district court’s denial of Defendant’s motion to acquit on the possession convictions and VACATE Defendant’s sentence for possession.