**NOT RECOMMENDED FOR PUBLICATION**

File Name: 07a0562n.06

Filed: August 8, 2007

**No. 05-6113**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| VIRGIL GOODMAN, JR., | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER and COOK, Circuit Judges; REEVES, District Judge.[*]

**PER CURIAM**. Virgil Goodman, Jr., appeals his conviction and sentence for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We **AFFIRM**.

## I. BACKGROUND

In December 2003, three police officers arrived in an unmarked vehicle at Goodman's residence to execute a narcotics search warrant. Goodman was exiting his truck when officers arrived. Officer Todd Bowman stated, "Police Department. Search Warrant," and Goodman fled. Officer Bowman followed approximately five feet behind him at all times. Goodman reached a barbed wire fence, hesitated, and jumped the fence. He was apprehended on the other side of the

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

fence. A subsequent search yielded 14.3 grams of methamphetamine located within approximately thirty feet of where he jumped the fence.

At trial, Goodman testified that he no longer used or sold drugs after coming out of rehabilitation. On cross-examination, he testified he told someone he faked going to rehabilitation using forged documents. He further stated he was accepted into the Lighthouse Outreach where Pastor Robert Flores counseled him. However, Flores testified that the Lighthouse Outreach was closed during the months of Goodman's alleged attendance, that he did not recognize Goodman, and that the signature on the verifying documents was not his. Goodman sought to present evidence that he had stopped selling drugs, but the court disallowed this evidence. Goodman was convicted of the charge and was sentenced to 262 months' imprisonment.

## II. STANDARD OF REVIEW

Constitutional challenges to a statute are reviewed *de novo*. *United States v. Ostrander*, 411 F.3d 684, 694 (6th Cir. 2005). Challenges to the sufficiency of evidence are also reviewed *de novo*. *United States v. Seymour*, 468 F.3d 378, 388 (6th Cir. 2006). A district court's decision to admit or exclude evidence is reviewed for abuse of discretion. *United States v. Frederick*, 406 F.3d 754, 761 (6th Cir. 2005). Where the defendant does not raise the issue in district court, sentencing is reviewed for plain error. *United States v. Oliver*, 397 F.3d 369, 377 (6th Cir. 2005) (citing *United States v. Calloway*, 16 F.3d 1129, 116 (6th Cir. 1997)).

## III. ANALYSIS

### A. Constitutionality of 21 U.S.C. § 841

Goodman urges this court to find 21 U.S.C. § 841 unconstitutional, as applied to him, because there was no evidence that the drugs traveled in interstate commerce. However, we have

consistently held that an interstate nexus is not required in a § 841 prosecution. *United States v. Scales*, 464 F.2d 371, 373 (6th Cir. 1972).

## B. Sufficiency of the Evidence

Goodman next argues that the government failed to prove that he possessed methamphetamine. The prosecution must prove beyond a reasonable doubt that the defendant knowingly or intentionally possessed a controlled substance with intent to distribute. 21 U.S.C. § 841(a)(1). Possession may be actual, constructive, or joint. *United States v. Paige*, 470 F.3d 603, 609 (6th Cir. 2006). Although intent to distribute requires both general and specific intent, both can be inferred merely from possession of a large quantity of a controlled substance. *United States v. White*, 932 F.2d 588, 590 (6th Cir. 1991).

A rational jury could find beyond a reasonable doubt that Goodman knowingly possessed methamphetamine with the intent to distribute based on ample circumstantial evidence. Although none of the officers saw Goodman throw anything, Officers Bowman and Atkinson testified that they saw Goodman hesitate before jumping the fence, with his hands out of sight. A subsequent search yielded the methamphetamine near the point of hesitation. Further, Officer James testified that Goodman told him about an individual who was supposed to have left "an amount of methamphetamine down the road" for Goodman. In a later taped interview, Officer James asked Goodman about picking up "a certain amount of meth," to which Goodman replied, "Un-uh." Combined with Goodman's gestures, Officer James understood that to be an affirmation. A jury could reasonably conclude that Goodman knowingly possessed the drugs.[1]

_____

[1] Goodman argues that the testimonies of Officers Atkinson and James are inconsistent and not credible. However, "[a]ttacks on witness credibility are simply challenges to the quality of the government's evidence and not the sufficiency of the evidence," *United States v. Sanchez*, 928 F.2d

Finally, Officer James testified that the amount of methamphetamine present, 14.3 grams, was approximately fourteen times the amount an average user would have for personal use. The street value of the drugs was approximately $2000.[2] It was reasonable to infer that the drugs were for resale based on quantity alone, despite the absence of baggies or scales. *See White*, 932 F.2d at 590.

### C. Prior Bad Acts

Goodman argues that the district court abused its discretion in allowing the testimony of Pastor Flores and Probation Officer Amanda Woods, in violation of Fed. R. Evid. 404(b). This argument is misplaced, as the testimony did not show conformity, but rebutted statements Goodman made during cross-examination. Fed. R. Evid. 611(b) grants the district court considerable discretion over the scope of cross-examination. *United States v. Moore*, 917 F.2d 215, 222 (6th Cir. 1990). Where one party has opened the door on an issue, the opposing party may introduce evidence to negate any false impressions created. *Id*.

The theme of Goodman's defense was that he gave up his drug-dealing lifestyle. During cross-examination, Goodman maintained that he had attended rehabilitation, was counseled by Flores, and approved by Woods. The district court correctly permitted introduction of rebuttal testimony by Flores and Woods to contradict Goodman's statements. *See United States v. Johnson*, No. 98-3183, 2000 U.S. App. LEXIS 11872, at *24 (6th Cir. May 24, 2000) (unpublished) ("Prior

---

1450, 1457 (6th Cir. 1991), and all inferences and issues of credibility are drawn in favor of the jury's verdict. *United States v. Salgado*, 250 F.2d 438, 446 (6th Cir. 2001).

[2] This calculation was based on a street value of $100-150 per gram, as Officer James testified.

acts evidence is often the only way the Government can prove such specific intent [to distribute drugs].").

### D. Prior Good Acts

The district court did not abuse its discretion by excluding testimony that Goodman ceased selling drugs. Prior good acts evidence is generally inadmissible to negate criminal intent. *See Michelson v. United States*, 335 U.S. 469, 477 (1948).

### E. Treatment of Sentencing Guidelines

Goodman's final contention is that the district court plainly erred in treating the sentencing guidelines as mandatory and not advisory as required by *United States v. Booker*, 543 U.S. 220, 259 (2005). After *Booker*, sentences are reviewed for reasonableness, both procedural and substantive. *United States v. Trejo-Martinez*, 481 F.3d 409, 412 (6th Cir. 2007).

The district court clearly went through its calculation and analysis. It sufficiently addressed the relevant sentencing factors and gave Goodman an opportunity to present evidence of other factors for consideration, explicitly acknowledging "the range I'm faced with is . . . [262 – 327 months], unless the Court finds other factors that would take it outside that range. In my judgment, that is a reasonable range of sentences in your case." The court acknowledged it could go outside the suggested range, but in this case chose not to do so, imposing the lowest suggested sentence of 262 months. There were no procedural or substantive sentencing errors.

**AFFIRMED.**