**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0258n.06
Filed: May 15, 2008

No. 07-5326

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA
    *Plaintiff-Appellee*,

        v.

MARS WEBB
    *Defendant-Appellant*.

_____

On Appeal from the
United States District Court for
the Western District of Tennessee

Before: KENNEDY, BATCHELDER, and GRIFFIN, Circuit Judges.

**PER CURIAM**. Mr. Mars Webb appeals his conviction for being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g) (2006). Mr. Webb contends that there was insufficient

evidence to support his conviction because the government failed to introduce evidence to establish

an element of the crime, namely that Mr. Webb was a felon.[1] Because we find Mr. Webb's argument

to be without merit, we AFFIRM his conviction.

The government did introduce proof that Mr. Webb was previously convicted of a crime for

which he received a sentence of over a year in prison. *See* 18 U.S.C. § 922(g)(1). Specifically, the

government introduced a copy of a previous arrest report, a "Disposition of Arrest and Court Action

Report," and a sealed letter from the legal keeper of records of the California Department of Justice

bearing a seal and attesting that these are copies of official documents. J.A. at 91-93. The arrest

report states that Mr. Webb was arrested on October 17, 1986 for possession of a prohibited weapon,

---

[1] Mr. Webb initially contended that his trial violated the Speedy Trial Act. He has since
withdrawn that argument.

which is a violation of section 12020 according to the form. J.A. at 92. The Disposition of Arrest and Court Action Report states that Mr. Webb was "held to answer" on the section 12020 count, which is also identified as line "08," on December 2, 1986. J.A. at 93. The report further discloses that Mr. Webb was "CONVICTED–[BY] JURY TRIAL" for the section 12020 violation on October 19, 1987. J.A. at 93. Below "SENTENCE INFORMATION" at the bottom of the form, it states that Mr. Webb received "7Y" for the conviction on line "08." J.A. at 93.

This evidence would permit a "rational trier of fact" to find that Mr. Webb was a convicted felon "beyond a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[2] The document reflects that Mr. Webb was convicted, and that his sentence was seven years. This meets § 922(g)(1)'s element regarding the status of the person possessing the weapon. Indeed, Mr. Webb did not challenge the veracity of the report, nor did he introduce any contradictory evidence.[3] In view of the unchallenged admissibility of this evidence, we have no difficulty concluding that Mr.

---

[2] While *Jackson* involved habeas review of a state court's decision, we have applied its standard on direct review of federal convictions. *See United States v. Gonzalez*, 501 F.3d 630, 640 (6th Cir. 2007).

[3] Mr. Webb's only argument on appeal seems to be that, while the report establishes that he was convicted, the document does not establish that he was punished with or subject to punishment of over a year in prison. Def.'s Br. at 23. As we have already stated, however, the document states under "SENTENCE INFORMATION" that Mr. Webb received "7Y" for the conviction corresponding to line eight, which was the crime of possessing a prohibited weapon. J.A. at 93. It certainly seems a reasonable inference that "7Y" under "SENTENCE INFORMATION" means seven years, particularly when the document also discloses that Mr. Webb had been convicted. Contrary to Mr. Webb's contention, we do not think such an inference is a "leap of faith." *Cf. United States v. White*, 932 F.2d 588, 589-90 (6th Cir. 1991).

Webb's conviction was supported by sufficient evidence.[4]  We therefore AFFIRM Mr. Webb's

conviction.

---

[4] It may be that Mr. Webb objects more to the documents' admissibility rather than to their persuasive value.  At trial, Mr. Webb had objected to the use of the documents, J.A. at 136-37, 139, but he failed to preserve his objection when the documents were admitted, J.A. at 278, 280, and he has not raised the issue on appeal.  While not relevant to our holding, we note that while this report may not have been the best document from which the government could have proved Mr. Webb's status as a felon, *cf.* J.A. at 106-07 (Alameda County Judgment submitted by Mr. Webb), we note that the government can use a variety of methods, subject to admissibility, to prove such a status.