OPINION
ALAN E. NORRIS, Circuit Judge.
Defendant Michael Everett Jones appeals from a jury verdict finding him guilty of aiding and abetting the possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This appeal focuses on defendant’s contention that the evidence introduced during trial was constitutionally insufficient to support the verdict. In essence, we must determine whether the driver of an automobile is criminally responsible for drugs found on the person of his passenger even though there is no direct evidence of the driver’s independent knowledge of the drugs.
I.
This case stems from a traffic stop. On January 9, 2006, Chief Deputy Ronnie Moore and Deputy James Jones of the Lake County, Tennessee Sheriff’s Department stopped a gray 1989 Chevrolet driven by defendant based upon an observed seat-belt violation. Co-defendant Lamar Wilson was a passenger in the ear at the time of the stop. Defendant pulled his vehicle over as soon as Moore turned on his emergency lights. Moore approached the driver’s side of the vehicle while Deputy Jones approached the passenger’s side.
*244 Defendant supplied a driver’s license with a Memphis address but told Moore that he lived in Tiptonville, a town near the Kentucky border where the stop occurred. The car had Kentucky plates and was registered to a third party. After further questioning, defendant acknowledged that he had served a federal sentence for gun possession. According to Moore and Deputy Jones, both defendant and Wilson appeared anxious.
Moore returned to the cruiser to initiate license plate and driver’s license checks. When finished, he returned to the stopped car, this time approaching from the passenger’s side. Moore noticed that defendant was talking on a cell phone and told him to end the conversation. After hanging up, Moore overheard defendant tell Wilson, “They’re coming.” At trial, Moore testified that he worried that defendant might be alluding to friends of defendant who had been summoned to effect a violent escape.
Moore then asked defendant if he could search the car. Defendant consented. At this point, approximately six to eight minutes had passed since the stop. Moore conceded that neither defendant nor Wilson had been placed under arrest, nor had he issued a traffic citation. As Wilson stepped out of the car, Moore told him that he was subject to a pat-down. Deputy Jones did the same to defendant. During the pat-down of Wilson, an object wrapped in fabric softener and duct tape fell out of his pant-leg. It was later found to contain 500 grams of cocaine. Assuming that the package contained narcotics, Moore attempted to handcuff Wilson while Deputy Jones was told to handcuff defendant. Wilson escaped from the grip of Moore and began running down the highway. At that moment, a car driven by co-defendant Lashawnda Ceasar arrived; it was later established that defendant had called her on the cell phone. Although Moore told her not to leave, she drove off with Wilson hanging onto the hood of her car.[1] Moore returned to the car to assist Deputy Jones and they handcuffed defendant. Wilson and Ceasar were arrested not long thereafter.
Defendant and Wilson filed a motion to suppress the results of the traffic stop. The district court granted the motion as it applied to Wilson but denied it as to defendant. Defendant proceeded to trial and the jury returned a guilty verdict with respect to the single charge of aiding and abetting a drug trafficking crime. The district court denied defendant’s motion for judgment of acquittal as well as a renewed motion for judgment of acquittal or a new trial.
II.
On appeal, defendant primarily focuses upon the sufficiency of the evidence although he also challenges the denial of his motion to suppress.

1. Sufficiency of the Evidence

Defendant faces an onerous standard of review with respect to this issue:
We ... review [defendant’s] claims to determine “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt.” United States v. Wood, 364 F.3d 704, 716 (6th Cir.2004) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). A review for sufficiency of the evidence requires us to “draw all available inferences and re *245 solve all issues of credibility in favor of the jury’s verdict.” United States v. Paige, 470 F.3d 603, 608 (6th Cir.2006) (internal quotation marks omitted). “Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt.” United States v. Spearman, 186 F.3d 743, 746 (6th Cir.1999) (internal quotation marks omitted).
United States v. Wheaton, 517 F.3d 350, 365 (6th Cir.2008).
In order to establish defendant’s guilt of the crime charged, the government must prove the following beyond a reasonable doubt:
The elements of [21 U.S.C. § 841(a)(1) ] are that “(1) the defendant knowingly; (2) possessed a controlled substance; (3) with intent to distribute.” United States v. Gibbs, 182 F.3d 408, 424 (6th Cir.1999). “To prove aiding and abetting, the government must show that [the defendant] knew that the principals possessed [the controlled substance] with the intent to distribute it, and that [the defendant] assisted in their plan to deliver [it].” United States v. Ledezma, 26 F.3d 636, 641 (6th Cir.1994). [Defendant’s] mental state is thus an essential element of the offense....
United States v. Bennett, 291 F.3d 888, 895 (6th Cir.2002).
Defendant’s position is straightforward: he did not personally possess cocaine or large amounts of cash; he merely drove a car with a passenger who did. He points out that he cooperated with law enforcement by stopping his car when asked to do so, consented to a search of the vehicle, revealed his past conviction for gun possession,[2] and agreed to a pat-down. No charges were ever filed relating to his use of the car and there was nothing inherently suspicious in the fact that it happened to be licensed in Kentucky and belonged to someone else.
With respect to his alleged “nervousness,” Deputy Moore conceded that suspects are often nervous. Given that defendant had been pulled over, a certain amount of apprehension was to be expected. Furthermore, defendant did not try to flee when Ceasar arrived (not to mention that the jury acquitted her of criminal intent as well).
Defendant refers us to a drug trafficking conspiracy case in which this court concluded that mere presence in a house that contained drugs and firearms is insufficient to establish an agreement to engage in a conspiracy. United States v. Pearce, 912 F.2d 159, 162 (6th Cir.1990). Although the case before us involves aiding and abetting, defendant argues by analogy that the mere fact that he was driving the car is not enough to establish his knowledge of the presence of the drugs. See United States v. White, 932 F.2d 588, 589 (6th Cir.1991) (living three feet from a marijuana patch is not enough, standing alone, to establish participation in distribution).
While this case is undoubtedly close, our “rational juror” standard of review controls the outcome. In our view, defendant’s decision to call Ceasar tips the balance. Although defense counsel argued to this court that there could have been an innocent explanation for this call, a rational juror could determine that no one would summon assistance from an acquaintance based upon a traffic stop for failure to wear seat belts. Rather, it is logical to *246 conclude that the call indicated that defendant knew of the presence of the drugs. The jury could further conclude, from the fact that the recipient of the call arrived and carried off Wilson, that defendant assisted in the possession of the cocaine with intent to distribute.[3]

2. Motion to Suppress

This circuit has recently reiterated its long-standing approach to reviewing motions to suppress:
“When reviewing the denial of a motion to suppress, [this court] review[s] the district court’s findings of fact for clear error and its conclusions of law de novo.” United States v. Foster, 376 F.3d 577, 583 (6th Cir.2004). “A factual finding will only be clearly erroneous when, although there may be evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” United States v. Navarro-Camacho, 186 F.3d 701, 705 (6th Cir.1999). Additionally, the evidence produced at a suppression hearing must be viewed “in the light most likely to support the district court’s decision.” Ibid.
United States v. Nichols, 512 F.3d 789, 793 (6th Cir.2008).
After holding an evidentiary hearing, the district court entered an order granting Wilson’s motion to suppress, but denying the motion submitted by defendant.
The evidence produced at the hearing was essentially a subset of that given during the trial and will not be repeated here. With respect to Wilson, the court concluded that “the United States has not shown that Deputy Moore had a reasonable belief that Wilson was armed and dangerous before conducting the pat-down search.”
However, it noted that defendant lacked standing to contest the pat-down of Wilson and therefore the evidence seized in that pat-down was admissible with respect to him. The court then explained that the initial stop was valid due to the seat-belt infraction. Although the officers were obliged to limit their investigation to the proper scope, the court concluded that nothing was amiss:
Here, the manner and length of the detention were reasonable. Deputy Moore testified that only ten to fifteen minutes had elapsed from the time of the initial stop to the point where he asked permission to search the car. During those initial ten to fifteen minutes, Moore testified that he had been unable to effectuate the purpose of the stop—to issue a seat belt citation—because the defendants had been, unable to produce the car’s registration and proof of insurance. In addition, Moore was still waiting on the results of the driver’s license check. Furthermore, the observed seat belt violation provided suffi-cient grounds for the deputies to request that Wilson and Jones exit the vehicle.
Finally, the court observed that the consent to search the car had been voluntary (and did not turn up any evidence in any event).
We note that defendant’s argument on this issue is perfunctory, reflecting his redognition that the reasoning of the district court is correct. We affirm on that basis.
III.
The judgment of the district court is affirmed.

. Although charged as an accessory after the fact, Ceasar was acquitted at trial.

. The district court granted a motion in limine excluding information relating to this prior conviction from trial.

. In our view, the dissent mistakenly acts as trier of fact by crediting Ceasar's version of events over that provided by Moore. Credibility determinations are reserved for the jury. As long as the evidence is sufficient for a rational juror to find guilt beyond a reasonable doubt, we may not substitute our own conclusion for that of the jury.