# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 8, 2014

## STATE OF TENNESSEE v. SILIO HILERIO-ALFARO, PABLO CHAVEZ, AND ISIDRO PEREZ

**Appeal from the Criminal Court for Shelby County**
**No. 12-03269    Honorable Bernie Weinman, Judge**

---

**No. W2013-01819-CCA-R3-CD © - Filed November 19, 2014**

---

The Defendant-Appellant, Silio Hilerio-Alfaro,[1] was convicted as charged by a Shelby County Criminal Court jury of one count of possession of .5 grams or more of cocaine with the intent to sell, one count of possession of .5 grams of more of cocaine with the intent to deliver, and one count of possession of a firearm with the intent to go armed during the commission of a dangerous felony. The trial court merged the delivery count with the sale count and imposed an effective sentence of eleven years. On appeal, the Defendant-Appellant challenges the sufficiency of the evidence to sustain his convictions. Upon review, we reverse the judgments of the trial court and vacate the Defendant-Appellant's convictions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed; Convictions Vacated; Case Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined. JERRY L. SMITH, J., not participating.

Stephen C. Bush, District Public Defender; Tony N. Brayton, Assistant Public Defender, Memphis, Tennessee, for the Defendant-Appellant, Silio Hilerio-Alfaro.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Amy P. Weirich, District Attorney General; and David M. Zak, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

---

[1] The Defendant-Appellant's co-defendants, Pablo Chavez and Isidro Perez, were also convicted as charged and each received an effective sentence of 11 years. Mr. Chavez and Mr. Perez both appealed their convictions to this court, and their respective appeals were consolidated with the Defendant-Appellant's appeal on January 29, 2014. On March 24, 2014, this court entered orders granting Mr. Chavez's and Mr. Perez's motions to voluntarily dismiss their appeals.

**OPINION**

**Trial.** John Tremmel, a detective with the narcotics unit of the Shelby County Sheriff's Office, testified that on February 23, 2012, he was in an unmarked vehicle and stopped a black GMC Jimmy on Perkins Road in Shelby County after observing the vehicle traveling at a speed of fifty-two miles per hour in a forty mile-per-hour zone. When Detective Tremmel activated his blue lights and siren, the driver passed "a couple of spots where he could have stopped and pulled in" before bringing his vehicle to a stop. As he was following the vehicle, Detective Tremmel observed three individuals, later identified as the Defendant-Appellant, Pablo Chavez, and Isidro Perez, inside the vehicle. The Defendant-Appellant was seated in the front passenger seat of the vehicle, and as soon as Detective Tremmel turned on his blue lights, the driver and the Defendant-Appellant moved toward the center console of the vehicle, which made Detective Tremmel suspicious. Shortly thereafter, Detective Williams, Detective Walton, and Sergeant Mays arrived on the scene. Detective Tremmel and these other officers approached the vehicle and asked the three men inside to exit the vehicle and produce identification.

Detective Tremmel walked his certified narcotics dog around the vehicle, and the dog alerted at the driver's door and the front passenger's door. Detective Tremmel searched the front seat area and discovered a substance, later identified by the Tennessee Bureau of Investigation as 86.28 grams of powder cocaine, underneath a plastic liner in the center console. Based on his eleven years of experience as a narcotics officer, Detective Tremmel opined that the large amount of cocaine found in the center console was more than what individuals usually carried for personal use because it had a street value of thirty-five hundred to four thousand dollars. He also found a .22 caliber pistol in the center console. The pistol contained five live rounds, and a small bag near the pistol contained twelve additional rounds of the same caliber. Detective Tremmel stated that the center console opened from front to back, making it more difficult to be accessed from the back seat. He said he did not fingerprint the pistol or the bag containing the cocaine because it was often difficult to get fingerprints from these items.

David Williams, a detective with the Shelby County Sheriff's Office, testified that he found no contraband on the Defendant-Appellant or Mr. Chavez when he patted them down. During his search, he found two small bags of cocaine in a matchbox in the center console and a third small bag of cocaine in the backseat of the vehicle. He said Mr. Perez later told one of the officers on the scene that he was the owner of the GMC Jimmy. Detective Williams stated that all three individuals in the car were charged with the same offenses because all three men had access to the area where the contraband was found and none of the men acknowledged possession of the contraband.

Pablo Chavez testified that he was sitting in the middle of the backseat at the time of the stop. He said a large bag of cocaine, for which he had paid two thousand dollars, and a small amount of cocaine in a matchbox belonged to him. However, he denied that the small bag of cocaine found in the back seat belonged to him. He also denied knowing what was inside a napkin found in the center console of the vehicle. Mr. Chavez said that although he knew Mr. Perez, he had never met the Defendant-Appellant before he got into the car prior to the stop. He denied having any conversations about a drug transaction in the presence of the Defendant-Appellant and stated that Mr. Perez and the Defendant-Appellant did not know he had cocaine in his possession. Mr. Chavez asserted that while Mr. Perez and the Defendant-Appellant were preoccupied with the officer stopping them, he hid his cocaine in the center console by removing the plastic liner before placing the big bag of cocaine in the area below the liner without the other two men noticing. He claimed he did not see a weapon in the center console and denied that the weapon belonged to him. He also denied seeing anyone putting a gun in the center console. Mr. Chavez said that the small amount of drugs in the matchbook ended up inside the liner after he had hidden the big bag of cocaine in the bottom compartment. He denied that he and the other two men talked about the drugs or the gun prior to the stop.

Isidro Perez testified that he owned the GMC Jimmy and that the gun and ammunition found in the center console of the vehicle belonged to him. After identifying a picture of the contents of the center console, he stated that the perfume bottle in the photograph was his but denied that the napkin next to the perfume bottle in the picture belonged to him. He said he began carrying the gun in his vehicle after he was the victim of a robbery and assault and asserted that he had placed the gun there several days before the stop and had not moved it. Mr. Perez denied that any of the cocaine found in his car belonged to him and denied knowing about the cocaine. He explained he was looking at Detective Tremmel's lights and was concerned about his gun when Mr. Chavez placed the cocaine in the center console. Mr. Perez said that when he stopped his vehicle, he did not say anything to the other men about his gun, and Mr. Chavez did not tell him or the Defendant-Appellant that he had cocaine inside the vehicle. When he stopped the vehicle, Mr. Chavez was sitting in the middle of the backseat.

The Defendant-Appellant testified that he was with Mr. Perez at the time of the stop because Mr. Perez had invited him to go drink beer. He said Mr. Perez picked him up and then picked up Mr. Chavez, whom he had never met before that night. When Detective Tremmel activated his lights and siren, the Defendant-Appellant turned toward Mr. Perez and saw Mr. Chavez opening the center console and putting something in the center console, although he did not know what it was. He said Mr. Perez never moved toward the center console while he was trying to find a place to stop. The Defendant-Appellant denied knowing about the cocaine or the gun inside the vehicle. He also denied that any of the

cocaine belonged to him.

On rebuttal, Detective Tremmel explained that in order to open the center console, he had to pull a latch on the front of the console and lift the lid open. When he opened the lid, he noticed that the liner was not completely flush with the console's sides. He then used his fingers to pry the liner out of the console. When he removed the liner, he saw the pistol and the cocaine in the area just below the liner. Detective Tremmel said that because of the depth of the liner, a person could not secretly place items in the bottom compartment of the center console without alerting the other people in the vehicle.

Also on rebuttal, Detective Williams testified that in addition to the officers finding the large bag of cocaine and the smaller amounts of cocaine in the matchbox and in the backseat of the vehicle, he also found two small bags of cocaine in a napkin in the center console.

## ANALYSIS

The Defendant-Appellant argues that the evidence is insufficient to establish that he had possession of the 86 grams of cocaine or the gun found in the center console of the vehicle. He argues that he did not own or control the vehicle and that no cash, drug paraphernalia, or weapons were found on his person. Moreover, he contends that no witnesses testified that he handled the drugs or the firearm or that these items belonged to him. We agree with the Defendant-Appellant and conclude that the evidence is insufficient to sustain his convictions because the proof fails to show that the Defendant-Appellant constructively possessed the gun and the 86 grams of cocaine beyond a reasonable doubt.

The State, on appeal, is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. State v. Davis, 354 S.W.3d 718, 729 (Tenn. 2011) (citing State v. Majors, 318 S.W.3d 850, 857 (Tenn. 2010)). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961)).

The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. Dorantes, 331 S.W.3d at 379 (citing State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence, this court shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. Id.

For the first two counts of the indictment, the State was required to prove beyond a reasonable doubt that the Defendant-Appellant knowingly possessed cocaine, a Schedule II controlled substance, with the intent to sell or deliver it. T.C.A. § 39-17-417(a). A person may possess contraband alone or jointly with others. State v. Richards, 286 S.W.3d 873, 885 (Tenn. 2009) (citations omitted); State v. Copeland, 677 S.W.2d 471, 476 (Tenn. Crim. App. 1984). Because the contraband recovered in this case was not found on the Defendant-Appellant's person, the State was required to prove constructive possession, which is generally established upon showing that a person has "'the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.'" State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981) (quoting United States v. Craig, 522 F.2d 29, 32 (6th Cir. 1975)). In order to sustain a conviction based exclusively on constructive possession, as in this case, the proof must establish the defendant's "'ownership, dominion, or control over the contraband itself or over the premises or vehicle in which the contraband is concealed.'" United States v. White, 932 F.2d 588, 589 (6th Cir. 1991) (quoting United States v. Gordon, 700 F.2d 215, 217 (5th Cir.1983) (reversing the defendant's conviction for drug possession because he was merely a passenger in the vehicle containing the marijuana and did not exercise dominion or control over the truck)). Constructive possession depends on the totality of the circumstances in each case and may be established through circumstantial evidence. Robinson, 400 S.W.3d at 534 (citing T.C.A. § 39-17-419). The mere presence of a person in an area where drugs are found is not, by itself, sufficient to support a finding of constructive possession. Id. (citing State v. Bigsby, 40 S.W.3d 87, 90 (Tenn. Crim. App. 2000)). In addition, an individual's mere association with a person in control of the drugs or the property where the drugs are found is not enough to support a finding of knowing possession. Id. (citing State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987)).

For the third count of the indictment, the State was required to prove beyond a

reasonable doubt that the Defendant-Appellant "possess[ed] a firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony." T.C.A. § 39-17-1324(a). A dangerous felony is defined as "[a] felony involving the sale, manufacture, distribution or possession with intent to sell, manufacture or distribute a controlled substance . . . ." Id. § 39-17-1324(i)(1)(L).

The facts of this case are fairly straightforward. The offense was initiated by a typical traffic stop.[2] In other words, there was no prior surveillance of the vehicle or investigation of its occupants. The owner of the vehicle was the co-defendant-driver, not the Defendant-Appellant, who was a passenger. There was no proof establishing the relationship between the Defendant-Appellant, the driver of the vehicle, and the back seat passenger, other than the fact that they were on their way to get a beer. There was also no proof as to how long the occupants were inside the vehicle. The gun was found inside the center console of the car hidden from view,[3] the driver testified that the gun was placed there weeks before the stop, and the driver and the Defendant-Appellant testified that the Defendant-Appellant was unaware of its presence. The drugs were found inside of the same console, which the back seat passenger claimed to exclusively possess. There was no evidence upon which a reasonable inference of constructive possession could have been made to connect the Defendant-Appellant to the hidden contraband. Accordingly, viewing these facts in the light most favorable to the State, a reasonable jury was unable to determine what extent, if any, the Defendant-Appellant had dominion or control over the contraband or the car.

In effect, the sum total of the State's proof establishing constructive possession was that a detective saw the driver and the Defendant-Appellant "moving" in the area of the console when the detective activated his blue lights. Other than the Defendant-Appellant's proximity to the contraband, there was no proof to establish a link between the Defendant-Appellant and the hidden contraband. As noted above, mere proximity or presence to the seized contraband is not sufficient to establish actual or constructive possession. We acknowledge that the jury rejected the testimony of the driver and the back seat passenger, as was their prerogative. Reversal of the convictions in this case does not hinge upon witness credibility. Even without the testimony of the co-defendants, there was simply no proof supporting constructive possession. We further acknowledge that the amount of drugs recovered in this case is sufficient to establish the Defendant-Appellant's intent to sell or

---

[2] The record does not provide any details concerning the basis for the traffic stop.

[3] Detective Tremmel conceded that the contraband was "hidden" in the bottom compartment of the console underneath a deep liner, which required a person to push a button on the front of the console, open the console's door, remove the deep liner, and reach into the compartment below. He discovered it based on his eleven years of experience as a police officer.

distribute. However, evidence of <u>intent</u> does not assist the trier of fact in determining whether the Defendant-Appellant <u>constructively possessed</u> the contraband. Finally, the State convicted the Defendant-Appellant based on a theory of criminal responsibility. <u>See</u> T.C.A. § 39-11-402(2) ("A person is criminally responsible for an offense committed by the conduct of another, if . . . [a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense."). The record is devoid of any proof, other than the Defendant-Appellant's status as a passenger in the subject vehicle, showing that the Defendant-Appellant was criminally responsible for the conduct of the other men in the car. In our view, "moving" in the area of the console, without more, expands the element of constructive possession beyond its permissible limits. Accordingly, we conclude that, as a matter of due process, <u>see</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S.Ct. 2781 (1979), there was no evidence in this case from which a jury could infer that the Defendant-Appellant constructively possessed the contraband.[4] Therefore, we reverse the judgments of the trial court and vacate the Defendant-Appellant's convictions.

## CONCLUSION

Because the evidence is not sufficient to sustain the convictions, the judgments of the trial court are reversed.

_____

CAMILLE R. McMULLEN, JUDGE

---

[4] <u>See, e.g.</u>, <u>United States v. Whitfield</u>, 203 U.S. App. D.C. 102, 109, 629 F.2d 136, 143 (1980) (conviction for possession of an unregistered pistol reversed where appellant had taken a 5–10 minute car ride with his co-defendant, sitting in the front seat, and although the pistol was found under that front seat it was hidden and there was no evidence that appellant knew of its presence), cert. denied, 449 U.S. 1086 (1981); <u>United States v. Bethea</u>, 442 F.2d at 793 (holding that "[m]erely showing that appellant was a passenger in [a] car and in proximity to the [item found] is, without more, insufficient to support a finding of possession").