**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Anthony ZULE, Defendant-Appellant.**

**No. 78–5043.**

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1978.

Clyde W. Woody, Houston, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Jim C. Ezer, James L. Powers, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, RONEY and GEE, Circuit Judges.

GEE, Circuit Judge:

Appellant Zule was convicted of conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and distribution of methamphetamine. On appeal he challenges the admission of a co-conspirator's statement and the sufficiency of the evidence. We agree that the statement was inadmissible and that the evidence was insufficient. Accordingly, we reverse the convictions.

Beginning in February 1977, undercover DEA agents set up a series of progressively

larger purchases of methamphetamine from Harold Peters.[1] At the third transaction, Peters mentioned in the course of conversation that the white Mercury automobile he was driving belonged to his "connection," that is, to his source of supply. The agents later discovered that the car was registered to Zule. In mid-June the agents set up a large purchase in an effort to smoke out Peters' source. Peters arrived at the designated hotel driving a small foreign sports car. A few minutes later Zule arrived in the white Mercury earlier traced to him, which he parked directly behind Peters' car. Peters entered the hotel for the transaction while Zule was parking. After meeting with the agent upstairs, Peters returned to his car and removed a small package from his trunk. He then walked over to the white Mercury and spoke briefly with Zule before returning to the hotel. The agents arrested Peters when he returned with the package containing the drug. By the time the agents moved in to arrest Zule, he had turned his car around and was counting money; the agents had to rap on the window to get his attention. At trial appellant presented no evidence, but cross-examination of government witnesses revealed that he owned a nearby retail store.

When considering the sufficiency of the evidence, we must construe the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and reverse the convictions unless reasonable minds could conclude that the evidence is inconsistent with every hypothesis of innocence. *United States v. Ragano*, 520 F.2d 1191, 1203 n. 16 (5th Cir. 1975), *cert. denied*, 427 U.S. 905, 96 S.Ct. 3192, 49 L.Ed.2d 1199 (1976).

The government relies on the following four incidents as sufficient evidence to support the convictions: (1) Peters' use of Zule's car to make delivery of the drug in the third transaction; (2) Peters' statement that the white Mercury belonged to his "connection"; (3) Zule's presence at the scene of the last transaction; and (4) Peters' brief conversation with Zule before reentering the hotel with the package of methamphetamine.

We must first consider whether the out-of-court statement by appellant's alleged co-conspirator is admissible. The general rule is that before a co-conspirator's statement may go to the jury the government must establish by independent evidence the existence of a conspiracy and the accused's participation in it. *United States v. Oliva*, 497 F.2d 130, 132 (5th Cir. 1974). The government's independent evidence in this case is that on one occasion Peters used a car once registered to Zule to make a drug delivery and that on a second occasion Zule was in the general vicinity of a drug transaction and conversed briefly with the person making the sale. Whether we use the standard in effect at the time of this trial, *see United States v. Oliva*, 497 F.2d 130 (5th Cir. 1974) (prima facie), or the standard recently advanced, *see United States v. James*, 576 F.2d 1121 (5th Cir.), *motion for rehearing en banc granted* (August 7, 1978) (preponderance of the evidence), we conclude that the government's independent evidence does not establish a sufficient foundation for the admission of the hearsay statement made by Peters.[2]

Having concluded that the hearsay statement is inadmissible, we must now decide whether the remaining three incidents are sufficient to support appellant's convictions. The conspiracy conviction must necessarily fall because we have already concluded that the government's evidence of conspiracy did not meet even the weaker standard necessary to support admission of a co-conspirator's statement.

We turn now to the substantive counts of possession with intent to distrib-

---

1. Peters pleaded guilty to a charge of conspiracy.

2. The "slight-evidence" rule has no application in a two-person conspiracy. *See United States*

*v. Becker*, 569 F.2d 951, 961 (5th Cir. 1978), for the prerequisites to application of the slight-evidence rule.

ute and distribution of methamphetamine. Although there is no evidence of actual possession, constructive possession is sufficient. *United States v. Ferg,* 504 F.2d 914 (5th Cir. 1974). Constructive possession may be shown by ownership, dominion, or control over the contraband itself or over the vehicle in which the contraband was concealed. *United States v. Salinas-Salinas,* 555 F.2d 470 (5th Cir. 1977). There is no evidence that Zule owned or had control over the sports car from which Peters removed the contraband or that Zule handled the contraband at any time. Neither is there any showing of the requisite intent to possess for distribution purposes. Because the government did not prove constructive possession and the requisite intent to distribute, appellant's conviction for possession with intent to distribute methamphetamine must fall. It necessarily follows that appellant's distribution conviction must also fall. As a matter of logic, a conviction for distribution cannot stand unless there is first possession with intent to distribute. *United States v. Littrell,* 574 F.2d 828 (5th Cir. 1978).

Accordingly, appellant's convictions on all three counts are REVERSED.