Ronald S. Orr, David H. Kennedy, Los Angeles, Cal., Stephen L. Taylor, Dallas Fort Worth Airport, Tex., for intervenor-appellant.

Kent Kibbie, Fort Worth, Tex., for Bank of New York, etc.

David Bonderman, Washington, D.C., Daniel C. Stewart, Dallas, Tex., for Braniff.

Robert J. White, Los Angeles, Cal., for Pacific Southwest Airlines.

John R. Blinn, Stephen A. Goodwin, Fort Worth, Tex., for amicus curiae Secured Bank Lenders to Braniff Airways.

Eloise E. Davies, Civ. Div., Dept. of Justice, Washington, D.C., for amicus curiae U.S.

Before GEE, GARZA and POLITZ, Circuit Judges.

**PER CURIAM:**

We affirm the judgment of the District Court, essentially for the reasons stated in its memorandum opinion. We add, in particular, that we conclude that 28 United States Code §§ 1471(a) and (b) were not invalidated by the *Marathon* decision,[1] but if they were, nevertheless, the jurisdictional grant of 28 United States Code § 1334 remains effective during the transitional period.

AFFIRMED.

### UNITED STATES of America, Plaintiff-Appellee

v.

### Wayne Marvin GORDON and John Joseph McMahon, Jr., Defendants-Appellants.

No. 82–1160.

United States Court of Appeals, Fifth Circuit.

March 2, 1983.

---

1. The *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

Roddy L. Harrison, Pecos, Tex., Daniel J. Markey, Jr., New Orleans, La., for Gordon.

Jack Louis McGowen (court-appointed), Pecos, Tex., for McMahon.

Edward C. Prado, U.S. Atty., Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GARZA, TATE and WILLIAMS, Circuit Judges.

GARZA, Circuit Judge:

The appeal of defendants, Wayne Marvin Gordon and John Joseph McMahon, Jr., was heard on oral argument. They both challenge their conviction for conspiracy to possess marihuana and possession of marihuana with intent to distribute alleging error in the denial of their motion to suppress on the grounds that their stop by border patrol agents and the subsequent search that occurred was without probable cause and, therefore, illegal. The defendant McMahon further challenged his conviction on the basis that he was only a passenger in the vehicle that was carrying marihuana and that there was no proof that he had any connection with it. We decide only the appeal of the defendant McMahon, and we do not reach the question of the legality of the stop and search because we can dispose of his appeal on the basis that as a passenger the government failed to prove that he had any dominion or control over the marihuana found.[1] Defendant was riding in the passenger seat of a truck when two border patrol agents stopped the truck and, in the ensuing search, discovered over sixty pounds of marihuana. The truck had triggered a sensor device which was placed on the road in order to alert the border patrol to the movement of illegal aliens. The stop occurred approximately 20 miles from the Texas border with Mexico.

Since McMahon was not driving the vehicle when it was stopped, we must first determine whether there is sufficient evidence to connect McMahon to the contraband found in the truck. In *United States v. Ferg,* 504 F.2d 914 (5th Cir.1974), this Court discussed the proof which must be supplied in cases of this nature.

Constructive as well as actual possession of contraband will sustain a conviction under 21 U.S.C. § 841(a). *United States v. Hernandez,* 484 F.2d 86, 87 (5th

1. This case was presented as a joint appeal of both Wayne Marvin Gordon and John Joseph McMahon, Jr. On the eve of the oral argument in this case the attorney for Wayne Marvin Gordon advised the court that he could not appear for oral argument on behalf of his client because he was in trial in another case but that the attorney for the defendant McMahon would argue the case for both appellants. Judge Tate, Senior Active Judge on the panel, acceded to the request of Gordon's attorney but asked that he obtain from appellant Gordon a written statement addressed to the court that the arrangement to have McMahon's attorney argue for him was with his consent. After several communications by the clerk of this court with Gordon's attorney, he was never able to obtain such written statement from appellant Gordon. In the meantime another attorney communicated with the clerk of this court that he was then representing Gordon, and he wanted to be notified of any further action in the case. This attorney also promised to obtain a statement from Gordon that the argument by McMahon's attorney was with his consent. Although this new attorney has written the court a letter that Mr. Gordon told him that he had agreed to have McMahon's attorney argue his case, the second attorney has also been unable to obtain a statement signed by the appellant Gordon to this effect. Under the circumstances, the panel has agreed that without such written consent from appellant Gordon himself we will not decide the issues in his appeal, and instead we will reschedule his appeal for oral argument before another panel of this court, by an attorney of his choosing. The clerk will advise both attorneys and Gordon of this action and will reschedule his case for argument once again.

Cir.1973). Possession may be joint among various defendants, and such possession may be established by circumstantial evidence. *United States v. Stephenson,* 474 F.2d 1353, 1355 (5th Cir.1973); *United States v. Mendoza,* 433 F.2d 891, 896 (5th Cir.1970); *Montoya v. United States,* 402 F.2d 847, 850 (5th Cir.1968). In order to establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed. *United States v. Martin,* 483 F.2d 974 (5th Cir.1974); *Garza v. United States,* 385 F.2d 899 (5th Cir. 1967); *Smith v. United States,* 385 F.2d 34 (5th Cir.1967). In other words, there must be some nexus between the accused and the prohibited substance. *Proof of physical proximity to controlled drugs is not sufficient to establish either actual or constructive possession.* As this court has consistently observed, "mere presence in the area where the narcotic is discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession." *United States v. Stephenson,* 474 F.2d 1353, 1355 (5th Cir.1973).

504 F.2d at 916–17 (emphasis added).

After carefully reading the record, we find that the government presented no evidence to demonstrate McMahon's connection with the contraband, save the testimony that, upon request, McMahon looked for a screwdriver and then volunteered to assist the agent in taking the screws off the boxes found in a hidden compartment.[2] The only other testimony of the agent that related to McMahon concerned the fact that he listened to a football game on the radio while the agents were questioning Gordon. Record on Appeal, vol. 3 at 21–22.

The facts of this case are very similar to those in *Ferg,* cited above. In that case, there was nothing beyond the fact that the defendant was travelling in the same car with a drug smuggler to indicate guilt. The same is true here.[3] In both cases, the driver of the car made no reference to the defendant's participation in any smuggling activity. We are unable to find any evidence, beyond McMahon's "mere presence" in the truck, to indicate that he had maintained control over the contraband, had any intention of participating in the distribution of the contraband, or had any knowledge of it whatsoever. To affirm defendant's conviction would be to countenance a conviction based on guilt by association. We must, therefore, reverse the judgment of conviction and remand the case to the district court with direction to vacate the judgment of conviction and enter a judgment of acquittal.

REVERSED AND REMANDED.

2. That portion of the record reads:

    Q  Okay. Did anyone assist you in opening the boxes?
    A  Yes.
    Q  Give you a screwdriver?
    A  Yes. They were held down by Phillips head screws, a lot of them around the edge of the box. And Mr. Gordon went up to the cab of the truck and got us a Phillips screwdriver, and I believe Mr. McMahon went and looked for another one and offered, both of them offered to help take screws out.

Record on Appeal, vol. 3 at 25. The attorney for the government admitted at oral argument that this was the only evidence linking McMahon with the contraband.

3. The government contends that the recent Fifth Circuit decision in *United States v. Saimiento-Rozo,* 676 F.2d 146 (5th Cir.1982), mandates affirmance on the sufficiency of evidence claim. This argument is based upon the assumption that McMahon's attorney admitted in his appellate brief that there was a joint venture between the two defendants. The exact wording of the relevant portion of the brief is as follows:

Additionally, the Trial Court erred in not granting McMAHON's Motion to Suppress as *there was no showing of more than a joint venture among the occupants of the truck* with no evidence indicating that McMAHON had knowledge of the contraband in the compartment in the bed of truck ....

Defendant's brief at 6 (emphasis added). Although this sentence could have been worded more clearly, we are certain that it does not constitute an admission of a joint venture. It simply constitutes an expression of the attorney's belief that *more* than a joint venture must be demonstrated in order to support the conviction. The government's argument is, therefore, rejected.