ACCEPTED
12-15-00073-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/20/2015 4:35:19 PM
CATHY LUSK
CLERK

## No. 12-15-00073-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/20/2015 4:35:19 PM
CATHY S. LUSK
Clerk

**YAGO SANTAIN FOUNTAIN**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

**FILED**

7/20/2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0896-14

**ORAL ARGUMENT REQUESTED**

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Thad Davidson
329 S. Fannin Ave.
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................. ii

TABLE OF CONTENTS ............................................................................................. iii

INDEX OF AUTHORITIES ......................................................................................... v

STATEMENT OF THE CASE ..................................................................................... 2

ISSUES PRESENTED ................................................................................................. 2

STATEMENT OF FACTS ........................................................................................... 2

SUMMARY OF THE ARGUMENT ........................................................................... 4

ARGUMENT ............................................................................................................... 5

      Standard of Review ............................................................................................. 5

      Applying this Standard of Review to Drug Posession Cases ............................... 6

I.     THE EVIDENCE WAS LEGALLY INSUFFICIENT TO PROVE THAT APPELLANT POSSESSED THE MARIJUANA RECOVERED ................................................................................................ 8

      A.  The Factors Linking Mr. Fountain to the Marijuana Were Minor ................ 10

      B.  The Factors Not Linking Mr. Fountain to the Marijuana Were Significant .................................................................................................. 11

CONCLUSION AND PRAYER ................................................................................ 23

CERTIFICATE OF SERVICE .................................................................................. 24

CERTIFICATE OF COMPLIANCE ......................................................................... 24

# INDEX OF AUTHORITIES

## FEDERAL COURTS OF APPEAL:

*United States v. Michelena-Orovio,*
  702 F.2d 496 (5th Cir. 1983) ...................................................................... 22, 23

*United States v. Ferg,*
  504 F.2d 914 (5th Cir. 1974) ...................................................................... 19, 20

*United States v. Gordon,*
  700 F.2d 215 (5th Cir. 1983) ...................................................................... 21

*United States v. Hernandez-Beltran,*
  867 F.2d 224 (5th Cir. 1989) ...................................................................... 18

*United States v. Littrell,*
  574 F.2d 828 (5th Cir. 1978) ...................................................................... 22

*United States v. Moreno-Hinojosa,*
  804 F.2d 845 (5th Cir. 1986) ...................................................................... 21

*United States v. Phillips,*
  496 F.2d 1395 (5th Cir. 1974) .................................................................... 9

*United States v. Ramos,*
  476 F.2d 624 (9th Cir. 1973) ...................................................................... 22

*United States v. Schoor,*
  462 F.2d 953 (5th Cir. 1972) ...................................................................... 22

*United States v. Smith,*
  20 Fed. Appx. 258 (6th Cir. 2001).............................................................. 20-21

*United States v. Stanley,*
  24 F.3d 1314 (11th Cir. 1994) .................................................................... 21

*United States v. Zule,*
  581 F.2d 1218 (5th Cir. 1978) .................................................................... 22

## TEXAS COURT OF CRIMINAL APPEALS:

*Brown v. State,*
  911 S.W.2d 744 (Tex.Crim.App. 1995) ...................................................... 15, 18

*Chambers v. State,*
  711 S.W.2d 240 (Tex.Crim.App. 1986) ........................................................ 13

*Cude v. State,*
  716 S.W.2d 46 (Tex.Crim.App. 1986) ........................................................... 6

*Curry v. State,*
  30 S.W.3d 394 (Tex.Crim.App. 2000) ............................................................ 5

*Davis v. State,*
  947 S.W.2d 240 (Tex.Crim.App. 1997) ........................................................ 11

*Deshong v. State,*
  625 S.W.2d 327 (Tex.Crim.App. 1981) .......................................................... 8

*Dewberry v. State,*
  4 S.W.3d 735 (Tex.Crim.App. 1999) ............................................................. 5

*Dickey v. State,*
  693 S.W.2d 386 (Tex.Crim.App. 1984) ........................................................ 23

*Evans v. State,*
  202 S.W.3d 158 (Tex.Crim.App. 2006) ................................................*passim*

*Fisher v. State,*
  851 S.W.2d 298 (Tex.Crim.App. 1993) .......................................................... 5

*Glass v. State,*
  681 S.W.2d 599 (Tex.Crim.App. 1984) ..................................................... 10-11

*Harvey v. State,*
  487 S.W.2d 75 (Tex.Crim.App. 1972) .................................................. 7, 13, 15

*Hernandez v. State,*
  517 S.W.2d 782 (Tex.Crim.App. 1975) .......................................................... 9

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*King v. State,*
  895 S.W.2d 701 (Tex.Crim.App. 1995) ........................................................ 5

*Lee v. State,*
  214 S.W.2d 619 (Tex.Crim.App. 1948) ....................................................... 22

*Martin v. State,*
  753 S.W.2d 504 (Tex.Crim.App. 1985) ........................................................ 6

*Matson v. State,*
  819 S.W.2d 839 (Tex.Crim.App. 1991) ......................................................... 5

*Meeks v. State,*
  692 S.W.2d 504 (Tex.Crim.App. 1985) ......................................................... 6

*Narvaiz v. State,*
  840 S.W.2d 415 (Tex.Crim.App. 1992) ......................................................... 5

*Oaks v. State,*
  642 S.W.2d 174 (Tex.Crim.App. 1982) ........................................................ 15

*Poindexter v. State,*
  153 S.W.3d 402 (Tex.Crim.App. 2005) ................................................... 6, 8, 9

*Pollan v. State,*
  612 S.W.2d 594 (Tex.Crim.App. 1981) ...................................................... 6-7

*Urbano v. State,*
  837 S.W.2d 114 (Tex.Crim.App. 1992) ....................................................... 23

*Valdez v. State,*
  623 S.W.2d 317 (Tex.Crim.App. 1981) ....................................................... 18

*Wesbrook v. State,*
  29 S.W.3d 103 (Tex.Crim.App. 2000) .......................................................... 5

*Williamson v. State,*
  244 S.W.2d 202 (Tex.Crim.App. 1951) .................................................... 22, 23

## TEXAS COURTS OF APPEAL:

*Aguilar v. State,*
  279 S.W.3d 350 (Tex.App.—Austin 2007) ....................................................*passim*

*Allen v. State,*
  249 S.W.3d 680 (Tex.App.—Austin 2008) ....................................................*passim*

*Bates v. State,*
  155 S.W.3d 212 (Tex.App.—Dallas 2004) ................................................... 7

*Batiste v. State,*
  217 S.W.3d 74 (Tex.App.—Houston [1st Dist.] 2006) ............................... 7

*Brazier v. State,*
  748 S.W.2d 505 (Tex.App.—Houston [1st Dist.] 1998) ............................. 13

*Cedano v. State,*
  24 S.W.3d 406 (Tex.App.—Houston [1st Dist.] 2000) ............................... 13

*Copeland v. State,*
  747 S.W.2d 14 (Tex.App.—Houston [1st Dist.] 1988) ............................... 13

*De la Garza v. State,*
  898 S.W.2d 376 (Tex.App.—San Antonio 1995)......................................... 13-14

*Edwards v. State,*
  178 S.W.3d 139 (Tex.App.—Houston [1st Dist.] 2005) ............................. 10, 11

*Flores v. State,*
  756 S.W.2d 86 (Tex.App.—San Antonio 1988) ........................................... 9

*Garcia v. State,*
  218 S.W.3d 756 (Tex.App.—Houston [1st Dist.] 2007) ............................. 7

*Gilbert v. State,*
  874 S.W.2d 290 (Tex.App.—Houston [1st Dist.] 1994) ............................. 9-10, 13

*Grant v. State,*
  989 S.W.2d 428 (Tex.App.—Houston [14th dist.] 1999) ............................ 8

## TEXAS COURTS OF APPEAL (CON'T):

*Gomez v. State,*
  331 S.W.3d 832 (Tex.App.—Amarillo 2011) ................................................. 23

*Hurtado v. State,*
  881 S.W.2d 738 (Tex.App.—Houston [1st Dist.] 1994) ............................... 10

*Lassaint v. State,*
  79 S.W.3d 736 (Tex.App.—Corpus Christi 2002) ........................................ 11-12

*Mares v. State,*
  801 S.W.2d 121 (Tex.App.—San Antonio 1990)............................................ 15

*Moreno v. State,*
  821 S.W.2d 344 (Tex.App.—Waco 1991) ..................................................... 18

*Roberson v. State,*
  80 S.W.3d 730 (Tex.App.—Houston [1st Dist.] 2002) ................................. 7, 17, 21

*Taylor v. State,*
  106 S.W.3d 827 (Tex.App.—Dallas 2003) ................................................... 13

*Villegas v. State,*
  871 S.W.2d 894 (Tex.App.—Houston [1st dist.] 1994) ............................... 10

*Whitworth v. State,*
  808 S.W.2d 566 (Tex.App.—Austin 1991) ................................................... 11

*Williams v. State,*
  906 S.W.2d 58 (Tex.App.—Tyler 1995)....................................................... 7

*Willis v. State,*
  192 S.W.3d 585 (Tex.App.—Tyler 2006) .................................................... 8

**STATUTES:**

TEX. HEALTH & SAFETY CODE § 481.002 ......................................................... 6

TEX. PEN. CODE § 1.03(b) ............................................................................. 6

No. 12-15-00073-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

## YAGO SANTAIN FOUNTAIN

**Appellant,**

**v.**

## THE STATE OF TEXAS

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0896-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

Comes now, Yago Fountain, by and through his attorney of record, Austin Reeve Jackson, and files this his brief pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Yago Fountain seeks to appeal his conviction and sentence for the felony offense of possession of marijuana, rendered against him in March of this year in the 114th District Court of Smith County.  (I CR 117).  Mr. Fountain was indicted for this offense in June of last year, entered a plea of "not guilty," and proceeded to trial by jury.  (I CR 1, 117).  Ultimately, Mr. Fountain was convicted and sentenced to serve a term of ten years' confinement.  (I CR 117).  Sentence was pronounced on 17 March 2015 and notice of appeal then timely filed.  (I CR 117, 142).

## ISSUES PRESENTED

**I.     THE EVIDENCE WAS LEGALLY INSUFFICIENT TO PROVE THAT APPELLANT POSSESSED THE MARIJUANA RECOVERED.**

## STATEMENT OF THE FACTS

In September of 2013 a local DPS trooper was patrolling an area of I-20 within Smith County.  (XI RR 40).  While doing so, he observed a vehicle pass that, contrary to the law, did not have a working light over its license plate.  (XI RR 42).  For this reason, the officer initiated a traffic stop of the vehicle as it travelled eastbound towards Shreveport.  (XI RR 43).

As he approached the now-stopped car, the officer observed two occupants:  the driver, Mr. Lapatrick Mitchell, and the passenger, Mr. Yago Fountain, the Appellant in this case.  (XI RR 45).  According to the officer, Mr. Yago had unbuckled his seatbelt and appeared nervous and "very odd." (*Id*.).  Consequently, the officer, who by then had also determined that neither Mr. Fountain nor Mr. Mitchell were the registered owners of the vehicle, began to question the two occupants regarding their trip.  (XI RR 50).

In response to questioning, Mr. Mitchell explained that the two had travelled to Dallas to fix or purchase a new tire.  (XI RR 50-51).  Additionally, Mr. Mitchell stated that they had taken Mr. Fountain's aunt to Dallas.  (XI RR 51).  Mr. Fountain gave a similar version of events, though not exactly the same, but did say it was Mr. Mitchell's aunt, not his, that was taken to Dallas.  (XI RR 57-58); (see also XI RR 58-59 discussing other, minor inconsistencies).

Based on what he was observing, the officer requested, and Mr. Mitchell granted, consent to search his vehicle.  (XI RR 61).  The search initially failed to reveal any contraband but the officer did discover some plastic wrap and axle grease; items he said could be used to hide drugs from drug dogs.  (XI RR 63).  However, as the officer stuck his head underneath the dash on the driver's side of the car, he noticed the smell of marijuana.

(XI RR 64). This led him to open the hood of the car where he discovered wrapped bundles of marijuana sitting on top of the engine. (XI RR 66-67). Mr. Mitchell's response to the discovery was to remain silent when questioned while Mr. Yago adamantly stated "it wasn't his." (XI RR 144).

After finding the marijuana the officer arrested both Mr. Fountain and Mr. Mitchell for the felony offense of possession of marijuana. (XI RR 144). In June of last year, Mr. Fountain was indicted for this offense and entered a plea of "not guilty." (I CR 1, 117). Following a trial by jury in the 114th District Court, Mr. Fountain was convicted and sentenced to serve a term of ten years' confinement. (I CR 117). Sentence was pronounced on 17 March 2015 and notice of appeal then timely filed. (I CR 117, 142).

## SUMMARY OF THE ARGUMENT

Where the record before the Court, even viewed in the light most favorable to the verdict, shows only that a defendant may have been present at the same location as drugs seized from a vehicle in which he was a passenger, the evidence is legally insufficient to support a conviction for possession of that drug.

4

# ARGUMENT

## Standard of Review

Whether evidence is legally sufficient is a question of law reviewed in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App. 2000); *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App. 1991). The issue before the Court is whether a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). When undertaking this review the Court will not reweigh or resolve conflicts in the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). Any inconsistencies that may be present are resolved in favor of the verdict. *Curry*, 30 S.W.3d at 406. However, "if, based on all the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that [the Court] reverse and order a judgment of acquittal." *Fisher v. State*, 851 S.W.2d 298, 302 (Tex.Crim.App. 1993) (*quoting Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992). This standard applies to both direct and circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995).

5

<u>Applying this Standard of Review to Drug Possession Cases</u>

Applying these standards to cases where a defendant has been alleged to be in possession of a controlled substance, the Court of Criminal Appeals has held that, as an essential element of their case, the State must prove that a defendant exercised control, management, or care of the substance and that the accused knew that the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005); *see also* TEX. HEALTH & SAFETY CODE ANN. 481.002(38) (Vernon 2007); TEX. PEN. CODE ANN. § 1.03(b) (Vernon 2007). Possession may be proved by direct or circumstantial evidence, but the evidence must be such that it establishes a defendant's connection with a drug was more than "fortuitous." *Id*.

In establishing possession the State does not have to prove that a defendant had sole or exclusive possession of a controlled substance. *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App. 1986). However, a defendant's mere presence, particularly where he did not have exclusive possession of the location where the contraband was found, is insufficient in and of itself to establish possession. *Evans v. State*, 202 S.W.3d 158, 162 (Tex.Crim.App. 2006); *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App. 1988); *Meeks v. State*, 692 S.W.2d 504, 511 (Tex.Crim.App. 1985); *Pollan v. State*, 612 S.W.2d 594, 596

(Tex.Crim.App. 1981); *Batiste v. State*, 217 S.W.3d 74, 80 (Tex.App.—Houston [1st Dist.] 2006, no pet.). Neither does a defendant's presence in the vicinity of contraband itself, or others using or possessing the same, support a finding that that person is a joint possessor or a party to the offense. *Harvey v. State*, 487 S.W.2d 75, 77 (Tex.Crim.App. 1972); *Garcia v. State*, 218 S.W.3d 756, 763 (Tex.App.—Houston [1st Dist.] 2007, no pet.).; *Roberson v. State*, 80 S.W.3d 730, 735 (Tex.App.—Houston [1st Dist.] 2002, pet. ref'd). Thus, the critical inquiry is "whether there was evidence of circumstances, in addition to mere presence, that would adequately justify the conclusion that the defendant knowingly possessed the substance." *Evans*, 202 S.W.3d at 162 n.9. There is neither a set formula nor a minimum number of "links" needed to establish possession. *Bates v. State*, 155 S.W.3d 212, 216-17 (Tex.App.—Dallas 2004, no pet.); *Williams v. State*, 906 S.W.2d 58, 65 (Tex.App.—Tyler 1995, pet. ref'd).

**I. THE EVIDENCE WAS LEGALLY INSUFFICIENT TO PROVE THAT APPELLANT POSSESSED THE MARIJUANA RECOVERED.**

Because Mr. Fountain was one of two persons who were present in the vehicle in which the marijuana was found and did not have exclusive control over the vehicle in which it was located, there must be "additional independent facts and circumstances connecting or linking the accused to the knowing possession of contraband." *Allen v. State*, 249 S.W.3d 680, 690-91 (Tex.App.—Austin 2008, no pet.) (*citing Willis v. State*, 192 S.W.3d 585, 593 (Tex.App.—Tyler 2006, pet. ref'd). Therefore, in order to support Mr. Fountain's conviction, at trial the State must have produced evidence that showed "more than a strong suspicion or mere probability of guilt." *Id*. at 693 (*citing Grant v. State*, 989 S.W.2d 428, 433 (Tex.App.—Houston [14th Dist.] 1999, no pet.)). As the Court of Criminal Appeals has held:

> [W]hen the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband.

*Poindexter*, 153 S.W.3d at 406 (*quoting Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981)). In particular, where contraband has been hidden "the State must link the accused to the contraband in such a manner that a reasonable inference arises that the accused knew of its existence and its

8

whereabouts and that the object possessed was contraband." *Allen*, 249 S.W.3d at 694; *see also Poindexter*, 153 S.W.3d at 406. "Proof of mere proximity to contraband is insufficient to establish actual constructive possession or the element of knowledge." *Allen*, 249 S.W.3d at 695 (*citing United States v. Phillips*, 496 F.2d 1395, 1397 (5th Cir. 1974); *Hernandez v. State*, 517 S.W.2d 782, 784 (Tex.Crim.App. 1975); *Flores v. State*, 756 S.W.2d 86, 88 (Tex.App.—San Antonio 1988, pet. ref'd). To establish this proof in the context currently before the Court, where the defendant and contraband are in a vehicle, courts have looked to such factors as:

1. Was the contraband in plain view;

2. Was the contraband conveniently accessible to the accused;

3. Was the accused the owner of the vehicle;

4. Was the accused the driver of the vehicle;

5. Was the contraband on the same side of the vehicle as the accused;

6. Was the contraband in plain view;

7. Was there an odor of the contraband;

8. Did the accused have any other paraphernalia on his person;

9. Did the physical condition of the accused indicate consumption of the contraband found; and

10. Did the accused engage in conduct indicating a consciousness of guilt?

*Gilbert. v. State*, 874 S.W.2d 290, 298 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *see also Evans*, 202 S.W.3d at 161 n.9; *Edwards v. State*, 178 S.W.3d 139, 143 (Tex.App.—Houston [1st Dist.] 2005, no pet.). A review of these factors in the instant case reveals that the State failed to make its burden in this case.

A. The Factors Linking Mr. Fountain to the Marijuana Were Minor

First, Appellant would concede that Mr. Fountain was in the vehicle from which the marijuana was recovered and that can be a factor tending to indicate possession. (XI RR 45); *Gilbert*, 874 S.W.2d at 298; *see also Hurtado v. State*, 881 S.W.2d 738, 743 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *see Villegas v. State*, 871 S.W.2d 894, 896 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Additionally, the detaining officer described Mr. Fountain as being "nervous,," another fact that can indicate an consciousness of guilt. (XI RR 56). However, it is important to remember, as the Court of Criminal Appeals has noted:

> We believe that in this day and time that when a citizen is suddenly facing an imminent confrontation with police officers for unknown reasons, most citizens with nothing to hide will nevertheless manifest an understandable nervousness in the presence of the officer. Not only the guilty, but the not guilty as well, will react much the same … exercising a natural impulse. Thus, the appearance of being nervous is as consistent with a person being guilty of having committed or preparing to commit a criminal wrong as with a person not being guilty of anything more than being in the wrong place at the wrong time.

*Glass v. State*, 681 S.W.2d 599, 602 (Tex.Crim.App. 1984); s*ee also Davis v. State*, 947 S.W.2d 240, 248 (Tex.Crim.App. 1997) (same).

Finally, the officer raised questions about the conflicting stories Mr. Fountain and the driver gave as to their reason for traveling to Dallas. (XI RR 57-59). Here, the Court should note that although the officer found it unbelievable that someone would drive from Shreveport to Dallas to save money when buying a wheel, there was, in fact, a newly purchased wheel in the car. (XI RR 104).

Even assuming that these factors indicate some consciousness of guilt, they constitute almost the entirety of the evidence against Mr. Fountain and when the Court considers this evidence in light of the record as a whole, the weight the Court should give this factor is significantly less than it may initially appear. *See Edwards*, 178 S.W.3d at 143 (the issue before an appellate court is the logical force of the various factors in light of the record as a whole); *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex.App.—Austin 1991, pet. ref'd) (same).

B.  The Factors Not Linking Mr. Fountain to the Marijuana Were
     Significant

For example, the record makes clear that there was no odor of contraband that would reasonably put a nearby person on notice as to what may have been hidden in the engine area of the vehicle. (XI RR 64); *See, e.g.,*

11

*Lassaint v. State*, 79 S.W.3d 736, 744 (Tex.App.—Corpus Christi 2002, no pet.) (discussing odor of drugs as possible link). In fact, the detaining officer testified that the limited odor of marijuana he did observe was discovered only after he put his head "up underneath [the] dash" of the car; it could not be detected merely by entering the vehicle. (XI RR 124-25). Moreover, the odor was discovered on the driver's side of the vehicle's dash opposite where Mr. Fountain was seated:

> I stand by my statement that I didn't smell [the marijuana] until I started searching the vehicle and actually stuck my head on the driver's side up into the dash. When I was looking in that area, that's when I smelled it.

(XI RR 108).

Given the location of the marijuana, under the hood and resting on top of the engine, there can also be no argument but that the marijuana was not in plain sight and not then under the direct control of Mr. Fountain. (XI RR 66, 110) As such, the record fails to reveal any direct or circumstantial evidence that Mr. Fountain had actual knowledge of what, if anything, another person may have placed under the hood of the car. *See Allen*, 249 S.W.3d at 695; *Lassaint,* 79 S.W.3d at 746 (proving mere proximity to contraband is not legally sufficient to prove possession).

Importantly, when asked about the marijuana, Mr. Fountain made no incriminating statements, he did not attempt to flee, was not then under the influence of any illegal substance, and was not found to be in possession of any other contraband. *Gilbert*, 874 S.W.2d at 298; *See also Copeland v. State*, 747 S.W.2d 14, 16-17 (Tex.App.—Houston [1st Dist.] 1988, no pet.) (evidence was insufficient to link passenger to marijuana that passenger testified was thrown onto the floorboard by the vehicle's driver), *rev'd in part by Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App. 1986); *but see Harvey*, 487 S.W.2d at 77 (the State is not required to prove exclusive possession); *Cedano v. State*, 24 S.W.3d 406, 411 (Tex.App.—Houston [1st Dist.] 2000, no pet) (same); *Brazier v. State*, 748 S.W.2d 505, 508 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd) (affirmative link existed between both passenger and driver); *see Taylor v. State*, 106 S.W.3d 827, 831 (Tex.App.—Dallas 2003, no pet.) (discussing factors).

Finally, there was no evidence that Mr. Fountain owned or ever operated the vehicle from which the contraband was recovered, his fingerprints were not found on the marijuana packaging, and there were no firearms or other weapons located on or near either Mr. Fountain or the driver of the vehicle. (XI RR 49, 57, 110, 113, 135). *Evans*, 202 S.W.3d at 161 n.9 (discussing factors to consider including ownership); *De la Garza v. State*, 898

13

S.W.2d 376, 379 (Tex.App.—San Antonio 1995, no pet.) (discussing presence of firearm as a factor). Even the officer who arrested Mr. Fountain admitted that the only reason he did so was, basically, because the drugs had to belong to somebody:

> State: All right. [Defense counsel] asked you if you ever saw Mr. Fountain or [the driver] in control or management or custody of the marijuana. Did you actually see them place it there or move it or remove it?
>
> Officer: No, sir, I did not.
>
> State: Well, why is it that you arrested Mr. Fountain then?
>
> Officer: Because the marijuana's in the – I mean, there's a large sum of marijuana. Somebody put it there. It's in the structure of the vehicle. I mean, you don't borrow somebody's car, and they leave 10 pounds of marijuana in there. That's not – that's not feasible.
>
> …
>
> Took them both into custody. I read them both their *Miranda* rights. Tried to, you know, -- "Hey, who's is this?" You know, there's – it's not like it was in his pocket or in a bag. It's in the structure of the vehicle.
>
> I asked them whose it was, and you know, [the driver] refused to speak, and Mr. [Fountain] just said it wasn't his. That's all I got.

(XI RR 143-44).

14

But if that is all the State has they should not have a conviction: the law does not permit an officer to arrest or a jury to convict someone just because they happen to be in a location where drugs were recovered and, well, they must belong to somebody. *Allen*, 249 S.W.3d at 691; *Evans*, 202 S.W.3d at 162; *Harvey*, 487 S.W.2d at 77.

In fact, mere presence does not make an accused a party to joint possession even if the accused knows of the existence of the contraband and has knowledge of an offense. *Oaks v. State*, 642 S.W.2d 174, 177 (Tex.Crim.App. 1982); *Allen*, 249 S.W.3d at 692; *Mares v. State*, 801 S.W.2d 121, 126 (Tex.App.—San Antonio 1990, no pet.) Thus, where, as here, even in the light most favorable to the State all that was shown was that Mr. Fountain was in the mere presence of contraband, the overwhelming lack of any meaningful evidence that he exercised actual or constructive care, custody, or control over the marijuana reveals that he did not legally posses it. *See, e.g., Allen*, 249 S.W.3d at 693 (holding that the central issue in cases of this nature is whether the proof at trial showed "more than a strong suspicion or mere probability of guilt"); *see also Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995) (evidence linking defendant to contraband must show that the connection was something more than fortuitous).

15

Viewing the State's evidence in the checklist form outlined by the Court of Criminal Appeals in *Evans* makes the quality of its evidence clear:

| | |
|---|---|
| Was Mr. Fountain present at the scene when contraband was found? | Yes. (XI RR 45). |
| Was Mr. Fountain in proximity to narcotics? | Yes, but only through the metal and plastic of the vehicle's dash as the marijuana was under the hood and not in the vehicle's passenger compartment. (XI RR 66). |
| Were the narcotics in plain view? | No. (XI RR 110). |
| Was Mr. Fountain under the influence when arrested? | No. (XI RR *gen*.). |
| Was Mr. Fountain in possession of other contraband or narcotics when arrested? | No. (XI RR 144; XI RR *gen*.). |
| Did Mr. Fountain make incriminating statements when arrested? | No, in fact, while Mr. Mitchell remained silent, Mr. Fountain denied the drugs were his. (XI RR 92). |
| Did Mr. Fountain attempt to flee when arrested? | No. Mr. Fountain fully cooperated with the officer. (XI RR 100-01, 118). |
| Did Mr. Fountain make any furtive gestures when arrested? | No. (XI RR 100-01, 118). |

| | |
|---|---|
| Was there an odor of narcotics? | Not from where Mr. Fountain was seated. The odor could only be detected when one placed their head "up under the dash" on the driver's side of the car. (XI RR 64, 106, 108, 124). |
| Was there other contraband present? | No. However, there was a small amount of plastic wrap and axle grease in the car, two things the officer testified are sometimes used to mask the odor of drugs. (XI RR 63). |
| Did Mr. Fountain have the right to possess the place where the narcotics were found? | No. The vehicle in which he was merely a passenger was not his and had been borrowed by Mr. Mitchell from a friend of Mr. Mitchell's. (XI RR 49, 57). |
| Did Mr. Fountain have a large amount of cash or weapon on or about his person? | No. (XI RR *gen.*). |
| Did Mr. Fountain's behavior indicate a consciousness of guilt? | No. He cooperated fully with officers. (XI RR 100-01, 118). |

*Evans*, 202 S.W.3d at 162 n.12.

Viewing these factors in totality reveals that the record is lacking in both substance and "logical force" to support the conclusion that Mr. Fountain is guilty of the charged offense. *Roberson v. State*, 80 S.W.3d 730, 735 (Tex.App.—Houston [1st Dist.] 2002, pet. ref'd) (standard of review). At

17

best, the factors tend to show that Ms. Fountain associated with the driver who was much more closely linked with the marijuana, but this is an offense for which he cannot be convicted and punished. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex.Crim.App. 1981) (op. on reh'g).

This case is similar to that of *Moreno v. State*, 821 S.W.2d 344, 352 (Tex.App.—Waco 1991, pet. ref'd), in which the Waco Court of Appeals held that the evidence in that case was insufficient to prove the defendant possessed 745 grams of cocaine found under the hood of a vehicle in which he was a passenger (even where officers found eleven grams of cocaine in the defendant's wallet). In that case, the Waco Court held the evidence was insufficient to affirmatively link the defendant to the cocaine under the hood of the vehicle because the defendant: (1) was not connected with the owner-ship or control of the car; (2) made no furtive gestures; (3) did not attempt to escape; (4) made no incriminating statements; (5) was not under the influ-ence of an illegal drug; and, (6) the odor of an illegal drug was not present in or around the vehicle. *Id*.; *see also Brown v. State*, 911 S.W.2d 744, 748 (Tex.Crim.App. 1995) ("[E]ach defendant must … be affirmatively linked with the drugs he allegedly possessed[.]"); *United States v. Hernandez-Beltran*, 867 F.2d 224, 226-27 (5th Cir. 1989) (same).

18

The State seems to discount such holdings and instated argued that any person in the car could have been arrested, prosecuted, and convicted merely for being in the vehicle. (XI RR 200). Consider the incredibly expansive definition of possession the State urged the jury to adopt in this case:

> If you were to walk – if you were to walk into someone's home and they had a bag – they had a desk, you walk over to a friend's house for tea or you walk over to go watch a movie, and this [marijuana] right here is setting, you know, on the coffee table, you're in possession of it. That's the truth of it. That's what the law says. You are in possession of it.

(XI RR 200).

But that is not "the truth of it" and it is certainly not "what the law says." As explained by the Fifth Circuit in *United States v. Ferg*, 504 F.2d 914, 917 (5th Cir. 1974):

> The facts of this case illustrate the logic of this "mere presence" rule. The government presents only two pieces of circumstantial evidence in an attempt to link Ferg with the seized marijuana. Ferg was traveling with Shaw, the person who admitted having purchased the marijuana, and Ferg was a passenger in the car in which the marijuana was concealed. Beyond the admission by Ferg that he was a traveling companion of one guilty of illegal possession of marijuana, the government failed to establish that Ferg in any way violated [the federal drug statute]. The government's evidence failed to prove that Ferg had ever maintained possession of the contraband or had any intention of participating in the distribution of it [and] his companion in no way implicated Ferg in the statement he made to federal agents. There was no evidence to show that Ferg and Shaw had traveled together for a sustained period of time after the marijuana was admittedly obtained by Shaw. Moreover, the government did not establish that Ferg had rented the car or even

19

shared the cost of rental. It was not even shown or claimed that Ferg had ever driven the car or that he could drive an automobile. We do not accept the government's apparent invitation to infer guilty by association.

*Id*. at 917.

The Sixth Circuit has held the same:

The government presented no direct evidence of actual possession by Smith [the defendant]. In fact, there is no direct evidence that he knew of the drugs or exercised control over the drugs or the vehicle, or that he was anything other than a passenger in the vehicle. Thus, the issue before us is whether the government presented sufficient circumstantial evidence to establish that Smith constructively possessed the methamphetamine and the amphetamine with the intent to distribute the drugs.

…

While the evidence may have been sufficient to establish constructive, if not actual possession, of these drugs by the possessor and driver of the vehicle, the problem with the convictions of Smith, a passenger, is the lack of evidence showing any possession of these drugs by him. The government presented no evidence that Smith exercised any control over or had access to these drugs. The drugs were found in a bag, covered by a shirt, on the floor behind the driver's seat. Additionally, the government presented no evidence that Smith exercised any type of control over the vehicle the bag in which the drugs were located. The government's only evidence was that Smith was a passenger in a vehicle which contained drugs likely intended for distribution…. The government also failed to present any evidence to support Smith's conviction on an aiding and abetting theory. Even if Smith was aware of the drugs or the driver's involvement in illegal activity, that awareness would be insufficient to convict him of aiding an abetting possession of drugs with intent to distribute.

*United States v. Smith*, 20 Fed. Appx. 258 (6th Cir. 2001) (unpublished) (cited for reference only); *see Roberson v. State*, 80 S.W.3d 730, 741 (Tex.App.—Houston [1st Dist.] 2002, pet. ref'd) (no evidence beyond mere presence of three individuals in car together suggesting that they were working as a unit for any purpose); *see also United States v. Stanley*, 24 F.3d 1314, 1320-21 (11th Cir. 1994) (possession with intent to distribute conviction reversed because of lack of evidence that defendant passenger in vehicle had any knowledge of crack cocaine hidden under the dashboard); *United States v. Moreno-Hinojosa*, 804 F.2d 845, 847 (5th Cir. 1986) ("Even if [the passenger] knew that [the driver] was making an illegal marijuana run, this fact would not be sufficient evidence to establish his possession without an additional showing that he was riding in the truck to participate in the possession and distribution. The government did not make this additional showing even circumstantially beyond a reasonable doubt."); *United States v. Gordon*, 700 F.2d 215, 217 (5th Cir. 1983) ("We are unable to find any evidence, beyond McMahon's 'mere presence' in the truck, to indicate that he had maintained control over the contraband, hand any intention of participating in the distribution of the contraband, or had any knowledge of it whatsoever. To affirm the defendant's conviction would be to countenance a conviction based on guilt by association."); *United States v. Zule*, 581 F.2d

1218, 1221 (5th Cir. 1978) Constructive possession not shown where there was no evidence that defendant owned or had control of car from which another person removed contraband or that defendant had handled the contraband at any time); *United States v. Littrell*, 574 F.2d 828, 835 (5th Cir. 1978) (constructive possession not shown where there was no evidence that defendant owned the car or was aware of cocaine presence in glove compartment or that he ever handled the cocaine at any time); *United States v. Ramos*, 476 F.2d 624, 625 (9th Cir. 1973) (It is "well established that a passenger may not be convicted [of possession] unless there is evidence connecting him with the contraband, other than his presence in the vehicle.").

"In the final analysis … criminal substantive due process protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *United States v. Michelena-Orovio*, 702 F.2d 496, 506 (5th Cir. 1983); *United States v. Schoor*, 462 F.2d 953, 959 (5th Cir. 1972); *Williamson v. State*, 156 Tex.Crim. 520, 244 S.W.2d 202, 204 (Tex.Crim.App. 1951); *Lee v. State*, 152 Tex.Crim. 401, 214 S.W.2d 619, 622 (Tex.Crim.App. 1948). Thus where the evidence, as it does here, reveals only that an accused may have had the ability and opportunity to commit a crime, that is, the ability and opportunity to posses the marijuana, that in and of itself is insufficient to

satisfy the standard of proof of the commission of an offense beyond a reasonable doubt. *Michelena-Orovio*, 702 F.2d at 506; *see also Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992); *Dickey v. State*, 693 S.W.2d 386, 389 (Tex.Crim.App. 1984); *Williamson v. State*, 244 S.W.2d at 204. Based then on this record, Mr. Fountain would respectfully pray that the Court hold the conviction to not be supported by legally sufficient evidence and reverse the judgment of the trial court and render a judgment of acquittal. *Gomez v. State,* 331 S.W.3d 832, (Tex.App.—Amarillo 2011, pet. ref'd) (remedy for legal insufficiency is to reverse and render).

## CONCLUSION AND PRAYER

Wherefore, premises considered, Mr. Fountain respectfully prays, because the record before the Court is legally insufficient to support his conviction, that the judgment of the trial court be reversed and a judgment of acquittal be rendered.

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

23

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by efile mail concurrently with its filing in the Court.

/s/Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 5,152 words.

/s/ Austin Reeve Jackson